(31 Misc. Rep. 668.)

### PEOPLE v. CONNOR.

(Oneida County Court. June, 1900.)

INDICTMENT—MOTION TO QUASH—GROUNDS.
Code Cr. Proc. § 313, as amended by Laws 1897, c. 427, provides that indictments must be set aside, on defendant's motion, "in either of the following cases, but in no other:" First, when not found, indorsed, and presented as elsewhere prescribed; and, second, when some unauthorized

person has been present at the session of the grand jury, or while the charge in the indictment was under consideration. Defendant was indicted in January, and again in March, for causing a break in a canal, and moved to set aside the second indictment because no order of court was obtained to present the matter to the grand jury a second time. *Held*, that the motion should be denied, since it was not authorized by the statute above cited, which, as amended, specified the only grounds, except constitutional ones, on which such motion could be made.

Action by the people of the state of New York against Charles O. Connor. Motion to set aside indictment. Denied.

T. S. Jones, for the motion.
T. Curtin, Dist. Atty., opposed.

DUNMORE, J. The defendant, with others, was indicted in January, 1900, and again in March, 1900, for violating section 479 of the Penal Code, in causing a break in the feeder or canal at Forestport, N. Y. When defendant was arraigned upon the second indictment in this court, his counsel moved to set the second indictment aside on the ground that no order or permission was obtained from the court by the district attorney to present the matter a second time to the grand jury, and for that reason the grand jury had no jurisdiction, and its action was irregular and void. The district attorney contends that section 313 of the Code of Criminal Procedure does not authorize this motion upon the ground stated. Defendant's counsel contends, however, that the motion is not made under section 313 of the Code of Criminal Procedure, but under section 42, art. 2, tit. 4, c. 2, pt. 4, of the Revised Statutes (original paging 726). Defendant's counsel contends that, in moving to quash or set aside an indictment, a defendant is not confined to the grounds specified in section 313 of the Code of Criminal Procedure. The defendant's contention seems to be sustained by the following cases: People v. Clements, 5 N. Y. Cr. R. 288; People v. Price (Sess.) 2 N. Y. Supp. 414; People v. Sellick, 4 N. Y. Cr. R. 329. In People v. Petrea, 92 N. Y. 128, the defendant's counsel moved to set aside the indictment by reason of defects in the proceedings in selecting or drawing the grand jury which found the indictment. The district attorney in that case raised the question that the ground upon which it was sought to set aside the indictment was not one of those specified in section 313 of the Code of Criminal Procedure, and therefore the motion was unauthorized under the present practice. The court, in deciding that case, said:

"If the defect in the constitution of the tribunal deprived it of the character of a grand jury, in a constitutional sense, there can be no doubt that the court would have been bound to take notice of it, although no statute authorized it, or even if the statute assumed to preclude the raising of the objection. But when the defect is not of that character, and the defendant may be held to answer the indictment without invading any constitutional right, then the question is one of procedure merely, and the right of the defendant to avail himself of the objection is subject to the regulation and control of the legislature. ＊ ＊ ＊ The Code, by defining the causes for which the indictment may be set aside, must, by the general rule of construction, be held to exclude the entertaining of the motion for other causes than those specified. The intention of the

Code was to discourage technical defenses to indictments, not affecting the merits, as is apparent from the sections cited, as well as the provisions relating to amendments and the proceedings on the trial."

That case, which is the only case upon the question, so far as I can discover, which has been decided by the court of appeals, seems to hold that the Revised Statutes relied upon by defendant, so far as they bear upon the question involved here, are in conflict with section 313 of the Code of Criminal Procedure, and have been repealed by implication, and that that section specifies all the grounds upon which a defendant may now move to set aside an indictment, excepting only grounds by which his constitutional rights were invaded. All of those cases were decided prior to the amendment to said section 313 in 1897. It is evident that the legislature regarded the construction of the section as left in doubt by the conflicting decisions. Prior to the amendment the section read as follows:

"Sec. 313. Indictment, When Set Aside on Motion. The indictment must be set aside by the court in which the defendant is arraigned, and upon his motion, in either of the following cases: (1) When it is not found, indorsed and presented as prescribed in sections two hundred and sixty-eight and two hundred and seventy-two; (2) when a person has been permitted to be present during the session of the grand jury, while the charge embraced in the indictment was under consideration, except as provided in sections two hundred and sixty-two, two hundred and sixty-three and two hundred and sixty-four."

By that amendment (Laws 1897, c. 427) the section was amended by adding to the phrase, "in either of the following cases," the words, "but in no other," thus leaving the sentence as amended to read as follows: "The indictment must be set aside by the court in which the defendant is arraigned, and upon his motion, in either of the following cases, but in no other." It is evident that this amendment was intended to, and in fact does, restrict a defendant, in his motion to set aside or quash an indictment, to the grounds specified in section 313, above cited, excepting in cases where the defects complained of are such as deprive defendant of his constitutional rights. This view was sustained by Judge Van Wyck in People v. Willis, 23 Misc. Rep. 568, 52 N. Y. Supp. 808, which is the only case that has been decided since the amendment of 1897 to which my attention has been called, or which I have been able to discover. The defect complained of here is not one by which defendant's constitutional rights were invaded (such, for instance, as compelling him to appear before the grand jury and give evidence against himself); nor is it one of those specified as a ground of a motion in section 313, referred to. The motion is therefore denied.

Motion denied.