(36 Misc. Rep. 326.)

### PEOPLE v. MONTGOMERY.

(Supreme Court, Trial Term, Delaware County. November, 1901.)

1. INDICTMENT—DISMISSAL.

A motion to dismiss an indictment on the ground that the same was not properly found by the grand jury, and that incompetent evidence was received by it, not being among the grounds authorizing the dismissal of an indictment under Code Cr. Proc. § 313, as amended in 1897, must be denied.

2. SAME.

Under Code Cr. Proc. § 671, providing that a court may of its own motion, or on application of the district attorney, order an indictment dismissed, the right is available only to the court or the district attorney.

Harvey D. Montgomery was indicted for murder. Motion to dismiss indictment. Denied.

George A. Fisher, Dist. Atty., for the People.
O'Connor & O'Connor, for defendant.

FORBES, J. The defendant, Harvey D. Montgomery, was indicted for murder in the first degree, and subsequently arraigned at a regular term of this court. That indictment appears to have

been duly and regularly presented by the grand jury, and filed in their presence, in open court. A motion is now made to dismiss the indictment upon the ground that the same was not properly found by the grand jury; that illegal and incompetent evidence was given against the defendant before the grand jury, and that the rights of the defendant have thereby been prejudiced. The district attorney raised the preliminary objection that the defendant is prohibited by section 313, Code Cr. Proc., from making a motion to dismiss the indictment, since the motion made by the defendant was not based upon any of the grounds specified in that section. After a careful examination of all the authorities cited, I am forced to the conclusion that the preliminary objection must be sustained, and the motion to dismiss the indictment must be denied. There seem to be only two provisions under the Code of Criminal Procedure authorizing motions of this character: First, under section 313, a portion of which reads as follows: "The indictment must be set aside by the court in which the defendant is arraigned, and upon his motion, in either of the following cases, but in no other." Then follow two subdivisions of said section, pointing out the grounds upon which the indictment may be dismissed. Neither of these grounds is applicable to the case at bar, nor is it claimed by the defendant that the grounds for dismissal come within these provisions of the Code. The second provision to which the court's attention is called is section 671, Code Cr. Proc., which reads as follows: "The court may, either of its own motion, or upon the application of the district attorney, and in furtherance of justice, order an action, after indictment, to be dismissed." Unless this application can be brought within one of these sections, then, clearly, the motion must be denied. The difficulty in this case seems to arise upon the construction to be given in section 313, as amended by chapter 427 of the Laws of 1897, which went into effect May 14, 1897, by adding to that section, at the end of the first paragraph, "but in no other." Several adjudications have been made giving interpretations to section 313, which are claimed to be adverse to the defendant's contention. People v. Rutherford, 47 App. Div. 209, 62 N. Y. Supp. 224. That was also a case which arose in Delaware county, and the appellate division of the Third department unanimously concurred in a motion to dismiss the appeal, holding unreservedly that motions of this character may not be made under section 313 since the amendment of 1897. The question was quite fully discussed by Kellogg, J., who reached the conclusion that the legislature without doubt has full power in the premises. Therefore the courts should not be called upon to legislate on the subject. It is true, as suggested by the learned counsel for the defendant, that the decision of that case was not based upon a preliminary objection made upon a motion to dismiss the indictment; but the question was fully before that court on a motion to dismiss an appeal, taken by the defendant, and must have been under review in the decision. That holding seems to have been followed by the learned county judge in the case of People v. O'Connor, 31 Misc. Rep. 668, 66 N. Y. Supp. 126. While the case in the Third department is

not cited, the judge does rely upon the case of People v. Willis, 23 Misc. Rep. 568, 52 N. Y. Supp. 808. The case of People v. O'Connor, supra, was a motion to set aside or quash the indictment. In People v. Willis, supra, Van Wyck, J., examined at considerable length the very question involved in the case at bar. The question arose at the trial term on a motion to set aside the indictment under section 671, Code Cr. Proc.; and he there discussed section 313, citing People v. Petrea, 92 N. Y. 128. The motion seems to have been denied, however, upon the merits; but the court gave the construction to section 671 that it is a substitute for a nolle prosequi under the old practice. Section 313 was again discussed by the appellate division in the Fourth department. People v. Glen, 64 App. Div. 173, 71 N. Y. Supp. 893. In the prevailing opinion reference is made to the contrariety of judicial authority over the right to dismiss an indictment upon this ground, or to review, upon appeal, an order refusing to do so; citing People v. Dunn, 157 N. Y. 528, 52 N. E. 572, 43 L. R. A. 247; People v. Petrea, supra. In 64 App. Div., 71 N. Y. Supp., supra, this language was used:

"Following along this line. it has been held that, the cases in which an indictment can be dismissed having been prescribed, no other can be read into the section. People v. Rutherford, supra. Additional force is given to. this restrictive interpretation by the amendment of the section in 1897 (chapter 427) interpolating the words 'but in no other,' indicating an intention on the part of the legislature to limit the grounds of the motion to those embodied in this section of the Code."

To sustain the motion at bar, the defendant relies upon section 671, Code Cr. Proc. I think that proposition is answered by the learned justice in the case of People v. Willis, supra. It will be seen that under section 313, Code Cr. Proc., the defendant is accorded the right to make a motion to dismiss upon the grounds therein stated; while under section 671 the court may dismiss on its own motion, or on motion of the district attorney. This practice seems to be a substitute for the practice under the earlier criminal law. As suggested in the Willis Case, supra, it partakes of the character of a nolle prosequi, or is a substitute for ending the indictment, in furtherance of justice; however, only on motion of the district attorney, or the court itself, when facts sufficient appear before the court to warrant such action. The defendant also cites People v. Thomas, 32 Misc. Rep. 170, 66 N. Y. Supp. 191, where, at trial term, Fursman, J., on a motion to set aside the indictment found in the court of special sessions in New York City, discusses section 313 and section 671, holding that the inherent power of the court to set aside an indictment for grounds other than those specified in section 313 is not limited by that section, and suggests that the court may exercise that power under section 671. The learned justice seems to have overlooked the fact that the power is to be exercised by the court on its own motion, which precludes the idea, in my judgment, of entertaining a motion on the part of the defendant for that purpose, since that section limits the exercise of power to the court, or on motion of the district attorney. The question under discussion is of too much importance to be

left in doubt; since, if these questions cannot be disposed of on motion, they will have to be met at the trial of the indictment. This view seems to have been entertained in People v. Willis, supra. Unless the defendant desires to appeal, thus reviewing this question before the appellate division, whose former interpretation I must follow, some way must be provided on the trial to meet the questions sought here to be reviewed on the merits. A decision by the learned appellate division on that question will be much more satisfactory to the defendant and to the people. I must therefore deny the motion to set aside the indictment on the preliminary objections raised by the district attorney.

Motion denied.