Ormand N. Gale, J.
Defendant seeks an order dismissing the above-entitled indictment, as well as other orders related to such dismissal.
On January 16, 1967, the Grand Jury of Onondaga County in open court handed up sealed Indictment No. 67-16, entitled “ People vs. Milton Adelbert Kellogg ”, and on that same day said indictment was filed by the Clerk of the County Court of Onondaga County.
No warrant has been issued for defendant’s arrest pursuant to this indictment, nor has the defendant appeared in open court for arraignment. The court, therefore, has not yet acquired jurisdiction over the person of the defendant. (People v. Rockwell, 38 Misc 2d 645; People v. Herrmans, 69 Misc. 303, 306.)
*560 Since defendant has not been arraigned on Indictment No. 67-16 a motion to dismiss same is not timely. (People v. Equitable Gas-Light Co., 5 N. Y. S. 19; People v. Rockwell, supra; People v. Brickner, 15 N. Y. S. 528, 531; Code Crim. Pro., § 313; cf. People v. Glen, 173 N. Y. 395; Code Crim. Pro., §§ 671, 672.)
A motion to dismiss an indictment at this stage of the proceedings can only be raised by the District Attorney or by the court upon its own motion. (People v. Quill, 11 Misc 2d 512; People v. Glen, supra; People v. Montgomery, 36 Misc. 326.)
Section 671 of the Code of Criminal Procedure differs from section 313. The latter provision makes the dismissal of the indictment mandatory in situations not here applicable. We are here concerned with the discretionary provision of section 671 of the code. This discretion may be exercised by the court on motion of the District Attorney, only, and not by the defendant. Motion dismissed.