Frank L. Gates, J.
Motion by defendant to vacate order of this court dated November 6, 1972.
Defendant was convicted on April 19, 1967 of conspiracy and bribery, and was sentenced on November 3, 1967 to a term of one and one-half to three years. The Court of Appeals reversed his conviction on July 2, 1969 and ordered a new trial. (People vKass, 25 NY2d 123.)
The Suffolk County District Attorney made an ex parte application to this court on November 6, 1972 to dismiss the indictment (CPL 210.40) in the interests of justice on the grounds that an essential witness had heart disease and would not be able to testify at the retrial, that defendant had no previous convictions and that defendant, an attorney, had been disbarred. A doctor’s certificate was attached pertaining to the witness’s heart condition.
This court granted said application without a hearing and signed an order dismissing the indictment on November 6, 1972, incorporating by reference the grounds set forth in the moving papers. The District Attorney concedes that defendant *1077 received no notice of the application and was not served with a copy of said order.
Thereafter, on October 31, 1973, defendant moved to dismiss the indictment for failure to prosecute before Hon. Frank P. De Luca in the Suffolk County Supreme Court. The District Attorney submitted an affidavit in opposition making reference to the dismissal of the indictment by this court and on the basis thereof, defendant’s motion was denied as "moot”.
Defendant’s present motion seeks an order setting aside said order of this court dated November 6, 1972 dismissing the indictment, on the grounds that said dismissal violated CPL 210.40 and 210.45, in that no hearing was held, defendant received no notice of the motion and said dismissal should have been granted on the grounds of failure to prosecute, rather than in the interest of justice.
Defendant’s moving affidavit relies upon People v Clayton (41 AD2d 204) wherein the Second Department reversed an order of this court (Lundberg, J.) dismissing an indictment in the interests of justice on defendant’s motion (CPL 210.40) without a hearing.
The District Attorney opposes this motion on the grounds that it is untimely, defendant having taken no action for 15 months after he learned of the dismissal of the indictment. The District Attorney further contends that the Clayton decision requires a hearing only when defendant moves under CPL 210.40, and that the Clayton decision should be applied prospectively only.
Although defendant may well be guilty of laches, this court will consider the merits of his application in view of the constitutional implications involved. (Escoe v Zerbst, 295 US 490.)
In People v Clayton (supra), Clayton had moved in the County Court, Suffolk County to dismiss the indictment for failure of the District Attorney to bring him to trial. The District Attorney opposed the application. The court (Lundberg, J.) granted the motion under CPL 210.40 in the interest of justice. Upon appeal by the District Attorney, the Appellate Division reversed, holding that a hearing should have been held pursuant to CPL 210.45, which sets forth the procedure for a motion to dismiss the indictment under CPL 210.20.
However, CPL 210.20 refers only to a motion by defendant, as indicated by the following language in subdivision 1 *1078 thereof: "1. After arraignment * * * the superior court may, upon motion of the defendant’. (Emphasis added.)
The wording of CPL 210.45 also contemplates a motion by defendant:
"1. A motion to dismiss * * * must be made * * * upon reasonable notice to the people. * * *
"2. The People may file * * * an answer * * *.
"4. * * * (c) The sworn allegations of fact * * * are either conceded by the People to be true * * *
"7. Upon such a hearing, the defendant has the burden of proving * * * every fact essential to support the motion.” (Emphasis added.)
On the other hand a motion under CPL 210.40 may be made by the People or the court itself as well as by the defendant.
This apparent inconsistency may be resolved by a consideration of the history of CPL 210.40.
The Practice Commentary by Prof. Denzer following Me Kinney’s CPL 210.40 points out that said section "substantially restates Criminal Code, § 671”. The Appellate Division noted in People v Clayton (supra) that CPL 210.40 broadened section 671 of the Code of Criminal Procedure by permitting the court to order the dismissal of the indictment upon application by defendant whereas section 671 of the Code of Criminal Procedure permitted application only by the District Attorney or upon the court’s own motion.
Section 671 of the Code of Criminal Procedure was intended as a substitute for the common-law prerogative of the District Attorney to discontinue or abandon a prosecution for a crime (nolle prosequi) which was abolished by section 672 of the Code of Criminal Procedure. (People v Lewis, 111 App Div 558.)
In common law, a nolle prosequi is a formal entry of record by the prosecuting attorney by which he declares that he will no longer prosecute the case, and may be entered without defendant’s consent at any time before the jury is impaneled. (5 Wharton’s Criminal Law and Procedure, p 225.)
Section 671 of the Code of Criminal Procedure contained no requirement that defendant receive notice of an application thereunder. Reading CPL 210.40 together with CPL 210.20, this court finds that the Legislature intended CPL 210.45 to apply only to a motion under CPL 210.40 made by defendant.
People v Clayton (supra, p 208) holds that a hearing is *1079 required in a motion under CPL 210.40 to produce "facts in the possession of the prosecution and the defendant” in order to "prevent a dismissal of the indictment unless the public interests are as fully protected as the individual interests of the defendant for justice and mercy.”
These considerations do not come into play where, as in the instant case, the District Attorney himself moves for dismissal of the indictment, and the indictment is in fact dismissed by the court thereby effectively terminating criminal proceedings against defendant under said indictment. Under these circumstances neither a hearing nor notice to defendant is required.
In addition under the guidelines set forth in Adams v Illinois (405 US 278) the Clayton decision (dated April 2, 1973) should not be applied retroactively and therefore is not applicable to the order of this court made on November 6, 1972.
Generally a defendant cannot complain of an error which inures to his benefit and, in the absence of a statutory requirement, the defendant in a criminal case will not be permitted to question the entry of a nolle prosequi (5 Wharton’s Criminal Law and Procedure, p 517). In the instant case, defendant seeks an order setting aside the dismissal of the indictment herein in the interest of justice, and dismissing the reinstated indictment for failure to prosecute. Since in either case the result is the same, it is difficult to understand defendant’s motives. This court, however, takes judicial notice that defendant has instituted a civil suit in the Federal court against the District Attorney, other public officials and other persons seeking substantial damages allegedly arising out of this criminal proceeding.
Although this court has not permitted the commencement of said civil action to affect its decision herein, it is constrained to note that this court should not be permitted to become a pawn in said controversy. (Dorak v County of Nassau, 329 F Supp 497, affd 445 F2d 1023.)
The motion to set aside the order of this court dated November 6, 1972 is denied.