OPINION OF THE COURT
Jan H. Plumadore, J.
A question has been raised by counsel for the defendants as to whether the court (or the People) may move and grant a dismissal in the interests of justice for indicted defendants not yet arraigned. The point was raised and treated, if obliquely, in the original motions to dismiss and the court’s opinion of April 9, 1980. Subsequent correspondence and memoranda have narrowed and refined the issue to the point where it is ripe for a decision. The court would point out that while an opinion at this stage might seem to be an advisory and/or anticipatory one, it in fact is not. Since the defendants in question have not been arraigned and do not wish to be, this is virtually the only avenue open for a resolution of this question.
The defense has likened a CPL 210.40 motion to the former nolle prosequi, or the power of the District Attorney to discontinue prosecution. “Nol pros”, however, was repealed by section 672 of the Code of Criminal Procedure, and prosecution could only be discontinued through compliance with section 671 of the Code of Criminal Procedure. Section 671 was in language and substance the literal *259 forerunner of CPL 210.40 as it was first enacted (see Denzer, Practice Commentary, McKinney’s Cons Laws of NY, Book 11 A, CPL 210.40, p 391). It appears, then, that prosecutions, at least in New York, may only be terminated on other than technical legal and factual grounds by an application of the interests of justice criteria and procedure.
Must a defendant be arraigned before he or she may avail himself of this procedure? The court has carefully and thoroughly reviewed defense counsel’s scholarly memorandum of law on the subject and reviewed the cases cited therein, particularly those cited in subsection b. (Judicial Construction of the Criminal Procedure Law.) Unfortunately, none of the cited cases deals squarely with the issue of whether or not a defendant who has not been arraigned may obtain this relief, and the court’s own research has failed to disclose any such cases. The issue, then, is apparently one of first impression.
The case which most , closely addresses the point in a general way is the Second Department case which gave rise to the Clayton hearing (People v Clayton, 41 AD2d 204, 206-207): “CPL 210.40 both broadens and refines section 671. It broadens by granting to the defendant the power to apply for relief, as well as to the prosecutor and the court; and it refines by further describing the terms under which relief may be granted. First, it directs the court to find, under the general concept of the ‘furtherance of justice’ stated in its provisions, that the ‘dismissal is required as a matter of judicial discretion by the existence of some compelling factor, consideration or circumstance clearly demonstrating that conviction or prosecution of the defendant upon such indictment or count would constitute or result in injustice’. Second, it directs that the procedure for the application is to be governed by CPL 210.20. CPL 210.20, providing for the omnibus motion against an indictment, must be read with subdivision 6 of CPL 210.45, which commands the court to conduct a hearing on the motion, except under conditions not material here (see CPL 210.45, subds. 4, 5).” (Emphasis added.)
Clayton further states (supra, at p 207) that “The provisions of CPL 210.40 and 210.45 require a hearing when *260 either the prosecution or the defendant moves to dismiss the indictment in the furtherance of justice; and we think that when the court considers sua sponte a dismissal for the same reason it should not do so until fair notice of its intention has been given to the parties and a hearing has been held.” These pronouncements would be equally viable today, the addition to CPL 210.40 of 10 factors notwithstanding.
Beyond the question posed by the defense (and never squarely addressed by our courts) there lies the problem of whether or not the court would have personal jurisdiction of a defendant so as to be able to entertain, or itself initiate the request for relief. The answer to this problem is twofold. First, CPL 1.20 (subd 9) defines “arraignment” as “the occasion upon which a defendant against whom an accusatory instrument has been filed appears before the court in which the criminal action is pending for the purpose of having such court acquire and exercise control over his person with respect to such accusatory instrument and of setting the course of further proceedings in the action.” Without such an appearance, it would seem that the court is without personal jurisdiction over the defendant (see, also, CPL 210.10, 210.50).
Second, a defendant cannot specially appear solely to move to set aside an indictment: “after an indictment is found, the defendant must be before the court, — if in the case of a felony, in person, or, in the case of a misdemeanor, either in person or by counsel, — and the motion to set aside must be made at the time of his arraignment, or at such time as the court may appoint to hear it, after the defendant is informed of the nature of the charge contained in the indictment against him, and cannot be made at any other time. In this case the defendant has not appeared by counsel, and has not been arraigned upon the indictment, and it follows that the motion to set aside cannot be entertained. It is true counsel have appeared, and have moved to set aside the indictment; but he expressly stated to the court that he appeared only for that purpose, and that he did not appear generally for the defendant, nor did the defendant appear except for the purpose of the motion. Upon this state of facts the motion to set aside the indict *261 ment must be denied” (People v Equitable Gas-Light Co., 5 NYS 19, 20). It follows that if a defendant cannot specially appear on his own motion, he should not be able to specially appear (i.e., resist arraignment) on the same motion if made by the District Attorney or the court. This is especially so in light of both the CPL definition of “arraignment” (supra), and the second quote (supra), from the Clayton case.
These conclusions receive further support from both the revisers’ notes (of the draftsmen of CPL 210.40) and the Supplementary Practice Commentaries (McKinney’s Cons Laws of NY, Book 11 A, CPI; 210.40, p 216, Supplementary Pamphlet, 1972-1980):
“This measure would amend subdivision one of sections 170.40 and 210.40 of the Criminal Procedure Law to provide standards by which a trial judge may determine a motion to dismiss an accusatory instrument in furtherance of justice” (revisers’ notes);
“While only subdivision 1 is amended to provide ten categories of mandatory consideration for interest of justice dismissals, subdivision 2’s mandate that ‘the court must set forth its reasons therefor upon the record’ takes on even greater significance. This also dovetails with the intended purpose of a statutory list of criteria, i.e. there can be meaningful appellate review of written, specific considerations and reasons rather than of some ultimate, vague or conclusory articulation” (Supplementary Practice Commentaries). The statute itself, while perhaps in need of appellate clarification (subd 2), certainly cannot be said to support the defense position that nonarraigned defendants may receive this type of dismissal via a court or prosecutor’s motion. Subdivision 2 merely states that a dismissal order may issue upon the motion of the People or the court — it does not delineate the procedure, and as the Supplementary Practice Commentaries point out, the 10 subdivision 1 criteria are applicable in a subdivision 2 situation.
Considering all these points — the Clayton principles, the extinguishment of nolle prosequi, the definition of arraignment and lack of ability to specially appear, the statute itself and the revisers’ Notes and Practice Com *262 mentarles thereto — the court is led to the following conclusions: (1) a defendant must be arraigned before a Clayton hearing will be held on anyone’s motion to dismiss in the interests of justice; (2) it is unlikely that, under the present factual circumstances (refusal to submit to arraignment, claims of sovereignty, etc. notwithstanding) a defendant could reasonably expect a prosecutor or court to make such a motion.
The court has studied People v Kass (81 Misc 2d 1075) and finds that it must disagree with the conclusions reached therein. First, Kass is squarely at odds with the Clayton pronouncement that notice and hearing are required regardless of who makes the motion if it is not determined solely on the papers (CPL 210.45). Furthermore, the 1979 amendment to CPL 210.40 (post-Kass) virtually precludes a determination solely on the papers (see Bellacosa, Supplementary Practice Commentaries, McKinney’s Cons Laws of NY, Book 11 A, CPL 210.40, Supplementary Pamphlet, 1972-1980). This amendment was passed with the expressed purpose of restricting the courts’ and prosecutors’ discretion in such a motion as part of the Governor’s crime package of 1979. To consider such a motion on behalf of a nonarraigned defendant would serve to promulgate the very abuses the Legislature sought to curtail.
Second, there was apparently some question in the Kass court’s mind as to whether Clayton should be applied, retroactively, to the facts and law in Kass. Retroactivity is obviously not an issue in the instant case(s).
Third, in a situation such as the current one, it would be ludicrous to make and determine the motion solely on the papers or hold a Clayton hearing without notice to anyone (something apparently possible under the Kass reasoning assuming a prosecutor or court made the motion).
Fourth, the Kass reasoning looks suspiciously like mere dicta, despite the fact that the no-notice issue was squarely raised, in light of this language: “In the instant case, defendant seeks an order setting aside the dismissal of the indictment herein in the interest of justice, and dismissing the reinstated indictment for failure to prosecute. Since in *263 either case the result is the same, it is difficult to understand defendant’s motives.” (People v Kass, supra, p 1079.)
The court would note at this juncture that even if a defendant does receive an interests of justice dismissal prior to arraignment he or she might still be susceptible to reindictment and reprosecution (see, e.g., CPL 40.30, and especially 210.20, subd 4, and notes of decisions, McKinney’s Cons Laws of NY, Book 11 A, CPL 210.40, Supplementary Pamphlet, 1972-1980 thereunder).