OPINION OF THE COURT
Philip J. Chetta, J.
On January 21, 1997 the instant indictment was filed in *988 Queens County charging that on September 22,1996 defendant possessed a loaded firearm.
Pursuant to CPL 210.10 (which requires defendant’s personal appearance), the matter appeared in part Tap II on February 25, 1997 for arraignment upon the indictment. Only defendant’s counsel appeared and a bench warrant was ordered. Thereafter, on May 27, 1997, a motion was submitted seeking a dismissal of the indictment on the grounds that at the time of defendant’s arrest at Kennedy International Airport in Queens County he was acting as a member of a security force assigned to a permanent mission to the United Nations and as such he possessed diplomatic immunity.
It appears by defendant’s papers that he is seeking a dismissal pursuant to CPL 210.20 (1) (h) in that it is claimed that by such immunity there exists a legal impediment to conviction of the defendant for the offense charged.
The introductory language to said statute reads in pertinent part: "1. After arraignment upon an indictment, the superior court may, upon motion of the defendant, dismiss such indictment”. (CPL 210.20 [1].)
Arraignment is defined as the occasion upon which a defendant against whom an accusatory instrument has been filed appears before the court for purpose of having such court acquire and exercise control over his person with respect to such accusatory instrument. (CPL 1.20 [9].)
This statutory provision merely codifies the well-established principle that the courts acquire authority to adjudicate a matter when they have both subject matter and in personam jurisdiction. (People v MacFarlene Co., 130 Misc 2d 70, 71.)
There is no question that the Supreme Court has jurisdiction over the offense charged. Jurisdiction over the defendant is acquired by the filing of the accusatory instrument and an appearance by him before the court (People v Grant, 16 NY2d 722, 723; see also, Albrecht v United States, 273 US 1; People v Bradner, 107 NY 1, 9) as well as arraignment upon the indictment. (People v Weaver, 166 Misc 2d 488, 492; People v Consolidated Edison Co., 161 Misc 2d 907, 911; People v Myles, 107 Misc 2d 960, 961; see also, People v Bradner, supra.)
Thus, by defendant’s failure to appear in court to be arraigned on the accusatory instrument the court has not acquired jurisdiction over the defendant. Accordingly the court cannot entertain defendant’s motion to dismiss. (People v Byfield, 131 Misc 2d 884, 885; People v Thompson, 107 Misc 2d *989 258; People v Kellog, 53 Misc 2d 559; People v Equitable GasLight Co., 5 NYS 19.)
The concept which requires defendant’s appearance before the court for arraignment is consistent with CPL 210.20. Simply, the statute upon which the defendant seeks a dismissal is not implicated until he appears and is arraigned. (CPL 210.10, 210.20.)
It must be noted that although the Grand Jury evolves from the New York Constitution (art I, § 6), the power to regulate its duties, powers and functions remains with the Legislature. (Matter of Wood v Hughes, 9 NY2d 144, 149; People v Cirillo, 100 Misc 2d 527, 530.)
Thus, the power of the court to entertain an application to dismiss an indictment has been limited by the Legislature to those instances where the defendant has personally appeared and been arraigned. (CPL 210.20.) This legislative enactment is simply a codification of the previously mentioned long-standing principles.
Furthermore, the appearance by defense counsel does not confer jurisdiction upon the court (People v Levins, 152 Misc 650, 652) since there are no "special appearances” in criminal actions. (People v Byfield, supra, at 886; People v Thompson, supra.)
Defendant having failed to come before the court and not being arraigned upon the accusatory instrument, the motion to dismiss must be denied.
Accordingly defendant’s motion is denied.