THE PEOPLE OF THE STATE OF NEW YORK, Appellant, *v.* ROBERT CLAYTON, Respondent.

Second Department, April 2, 1973.

*George J. Aspland, District Attorney (John M. Lockwood* and *Vincent A. Malito* of counsel), for appellant.

*Frederic Block* for respondent.

HOPKINS, J. The County Court on its own motion has dismissed an indictment returned in November, 1952 charging the

defendant with murder in the first degree. The court so acted upon the return of a motion by the defendant for the same relief. The District Attorney by this appeal challenges the propriety of the dismissal. For reasons stated beyond, we reverse and remand the case to the County Court for further proceedings in accordance with this opinion.

This appeal is prefaced by a long history of legal involvement. The indictment alleges that the defendant committed the crime of murder in the first degree on November 2, 1952. He was found guilty after trial in February, 1953 of murder in the second degree and was sentenced to a term of 30 years to life. In part, at least, his conviction rested on alleged confessions and incriminating evidence obtained as a result of the confessions. He did not appeal.[1]

Following the rule laid down in *People* v. *Huntley* (15 N Y 2d 72), the County Court held a hearing in 1965 to determine whether the defendant's confessions were voluntary and thereupon determined that the confessions were voluntary. The holding was affirmed by a divided vote in this court; the Court of Appeals affirmed and the Supreme Court of the United States denied certiorari (*People* v. *Clayton,* 28 A D 2d 543 [CHRIST, Acting P. J. dissenting], affd. 22 N Y 2d 841, cert. den. *sub nom. Clayton* v. *New York,* 394 U. S. 909).[2]

Having thus exhausted his State remedies, the defendant instituted a habeas corpus proceeding in the United States District Court for the Eastern District of New York. At the conclusion of an evidentiary hearing in 1971 the District Court found that the confessions were not voluntary; that decision was affirmed by the Court of Appeals, Second Circuit, and certiorari was denied by the Supreme Court (*United States ex rel. Clayton* v. *Mancusi,* 326 F. Supp. 1366, affd. *sub nom. Mancusi* v. *United States ex rel. Clayton,* 454 F. 2d 454, cert. den. *sub nom. Montanye* v. *Clayton,* 406 U. S. 977).[3] The mandate of the United States Court of Appeals issued on January 17, 1972 put into effect the order of the District Court requiring the defendant's release from custody unless he were retried within 30 days.[4]

---

1. The defendant claims that his assigned counsel, contrary to his instructions, failed to file a notice of appeal.

2. The dissenter in this court held that the defendant's will was overborne by police pressure while in detention for an inordinate length of time.

3. The findings made by the Federal courts were that the defendant had been subjected to a sham arraignment and had been constantly questioned for over 60 hours without adequate food or rest.

4. The order of the District Court was dated May 13, 1971; thus retrial was instantly required.

After the decision of the United States Court of Appeals and pending the application by the People for certiorari, the defendant in March, 1972 was released on his own recognizance by that court and he has been since gainfully employed. On June 30, 1972 he moved in the County Court for a dismissal of the indictment on the ground that he had not been brought to trial as required by the mandate of the United States Court of Appeals. The County Court dismissed the indictment, not, however, on the ground of the defendant's application, but on its own motion, as authorized by CPL 210.40. This appeal followed.

CPL 210.40 is a successor to section 671 of the Code of Criminal Procedure, which in turn has been said to be merely a substitute for the ancient right of the Attorney-General to discontinue a prosecution (*Matter of McDonald* v. *Sobel*, 272 App. Div. 455, 462, affd. 297 N. Y. 679; *People* v. *Willis*, 23 Misc. 568, 571). But section 671 allowed the court to dismiss an indictment " in furtherance of justice " either on motion of the District Attorney or on its own motion; moreover, the code removed the right of the prosecutor to abandon the indictment except in compliance with section 671 (Code Crim. Pro., § 672). The early history of determinations under the statute evinces the inclination of the court to use its provisions sparingly (cf. *People* v. *Petrea*, 92 N. Y. 128, 144); the statute was usually invoked to dismiss an indictment for the insufficiency of evidence before a Grand Jury after a defendant's motion to inspect the minutes had been granted (cf. *People* v. *Phillips*, 14 Misc 2d 565; *People* v. *Briggs*, 50 Misc 2d 1062).[5]

More recently, the statute has been employed to reach cases in which the court found for a variety of reasons that the ends of justice would be served by the termination of the prosecution (see cases collected in *People* v. *Graydon*, 69 Misc 2d 574, 577–578). Indeed, it has been stated that the use of the statute depended only on principles of justice, not on the legal or factual merits of the charge or even on the guilt or innocence of the defendant (*People* v. *Quill*, 11 Misc 2d 512, 513).

CPL 210.40 both broadens and refines section 671. It broadens by granting to the defendant the power to apply for relief, as well as to the prosecutor and the court; and it refines by fur-

5. The statute provided a method to afford relief to a defendant, who could not move to inspect the minutes of the grand jury without showing a reason to believe that the evidence before it was insufficient to support the indictment (*People* v. *Howell*, 3 N Y 2d 672). Since the defendant could not know the nature of the proceedings before the grand jury, he was obviously at a disadvantage. (Cf. *Matter of Miranda* v. *Isseks*, 41 A D 2d 176 [2d Dept., dec. Mar. 19, 1973].)

ther describing the terms under which relief may be granted. First, it directs the court to find, under the general concept of the " furtherance of justice " stated in its provisions, that the " dismissal is required as a matter of judicial discretion by the existence of some compelling factor, consideration or circumstance clearly demonstrating that conviction or prosecution of the defendant upon such indictment or count would constitute or result in injustice." Second, it directs that the procedure for the application is to be governed by CPL 210.20. CPL 210.20, providing for the omnibus motion against an indictment, must be read with subdivision 6 of CPL 210.45, which commands the court to conduct a hearing on the motion, except under conditions not material here (see CPL 210.45, subds. 4, 5).

In this case the defendant's motion to dismiss the indictment did not pray for relief " in furtherance of justice ", but rather on the ground that the mandate of the United States Court of Appeals had not been followed by the People. Hence, no adequate notice of that claim was given to the prosecution and, although extended colloquy between counsel and the court occurred on the argument of the motion, some of which related to the location and existence of witnesses, the question whether the defendant should stand trial in the interests of justice was not directly the subject of the defendant's motion.

The County Court in dismissing the indictment found that the defendant had already served 19 years in prison; that he could be retried only for murder in the second degree, which carries a penalty of an indeterminate sentence having a minimum of 20 years and a maximum of life (former Penal Law, § 1048); that court time could be better used for other purposes; that the defendant is presently free and working; and that the prosecutor had once offered to accept a plea to manslaughter [in the first degree], punishable by a maximum imprisonment of 20 years (former Penal Law, § 1051). All of these considerations plainly flow from events taking place after the homicide for which the defendant was indicted, and, of course, these considerations might be modified or amplified by other events relevant to the interests of justice.

The provisions of CPL 210.40 and 210.45 require a hearing when either the prosecution or the defendant moves to dismiss the indictment in the furtherance of justice; and we think that when the court considers sua sponte a dismissal for the same reason it should not do so until fair notice of its intention has been given to the parties and a hearing has been held. At the hearing the parties may, if they are so advised, present such

evidence and arguments as may be pertinent to the interests of justice. Among the considerations which are applicable to the issue are (a) the nature of the crime, (b) the available evidence of guilt, (c) the prior record of the defendant, (d) the punishment already suffered by the defendant, (e) the purpose and effect of further punishment, (f) any prejudice resulting to the defendant by the passage of time and (g) the impact on the public interest of a dismissal of the indictment.

The sensitive balance between the individual and the State that must be maintained in applying the test of the interests of justice which CPL 210.40 contemplates moves in response to factors largely resting on value judgments of the court. But those judgments in turn hinge on the production of facts in the possession of the prosecution and the defendant. Moreover, the discretion of the court cannot be properly reviewed unless the record discloses the facts upon which the court's judgment was based. On the one side the statute allows an escape from the rigorous rules controlling the dismissal of an indictment only for reasons arising from substantial defects in supporting evidence or required procedure; on the other side, the statute erects the well-considered discretion of the court as a safeguard to prevent a dismissal of the indictment unless the public interests are as fully protected as the individual interests of the defendant for justice and mercy.

It may well be that the County Court will again conclude that the indictment should be dismissed in the furtherance of justice after giving deliberation to what the parties may offer on the remand. Certainly, we do not say that the court cannot reach such a conclusion; and, indeed, the defendant's interests and the public interests may coincide to compel that conclusion. All that we now hold is that full opportunity should be afforded to the People and the defendant to provide the court with such evidence and arguments that they deem relevant to the issue.

Accordingly, the order of dismissal should be reversed, on the law, and the case remanded to the County Court for a hearing on notice to the parties for the purpose of determining whether, pursuant to CPL 210.40, the indictment against the defendant should be dismissed in the furtherance of justice.

RABIN, P. J., MARTUSCELLO, SHAPIRO and CHRIST, JJ., concur.

Order of the County Court, Suffolk County, dated July 12, 1972, reversed, on the law, and case remanded to the County Court for a hearing, on notice to the parties, and a new determination.