James J. Leff, J.
Following an investigation by the State Attorney-General into the activities of the Jemar Land Developer, Inc., a Florida corporation, Armando Berriz, Jose Lao, Carlos Palacios and Manuel Garcia were indicted and charged with four counts of violating section 338 (subd 5, par [a]) of the Real Property Law. The section makes it a felony to offer to sell or sell subdivided lands prior to the filing of certain statements with the Department of State of New York. In addition, there is one count of conspiracy in the third degree.
The defendants seek dismissal of the indictment in the interest of justice.
CPL 210.40 provides: "1. An indictment * * * may be dismissed in furtherance of justice * * * when, even though there may be no basis for dismissal as a matter of law upon any ground specified in * * * section 210.20, such dismissal is required as a matter of judicial discretion by the existence of some compelling factor, consideration or circumstance clearly demonstrating that conviction or prosecution of the defendant upon such indictment * * * would constitute or result in injustice. ” (Emphasis added.)
In January, 1972, Berriz was the president of Jemar Land Developer, Inc., which owned subdivided or vacant land in Florida. Palacios and Lao were employed as salesmen for Jemar in January, 1972. Garcia was a friend of Palacios and Lao and allegedly participated in one or more of the land sales made in New York.
It is alleged that Jemar, through its salesmen, defendants Palacios, Lao and Garcia, made four sales of parcels of the Florida land to four persons in New York. It is not disputed that when these sales were made Jemar had not filed an offering statement and the verified statement required by section 337-a of the Real Property Law.
Section 338 (subd 5, par [a]) of the Real Property Law provides: "5. (a) Every person, officer, director, agent or employee of a * * * corporation who or which knowingly offers to sell or to lease, or sells or leases subdivided lands prior to the filing of the offering statement and the verified statement required by this article shall be guilty of a felony.”
Defendants, in urging dismissal of the indictment in furtherance of justice, maintain:
1. That the four sales in New York were made to personal *484 friends of the salesmen and there was no fraud or deceit involved in any of the transactions.
2. That in May of 1973, 15 months after the land sales, the State Attorney-General sent a "cease and desist” letter to Jemar, which was complied with and no further sales were made in this State.
3. That the Attorney-General has, in the main, previously relied on civil injunctive proceedings and rarely has resorted to criminal prosecution as in this action.
4. That Jemar has made an offer of restitution to all the purchasers.
5. Defendant Garcia claims that he was never a salesman or agent of Jemar. He asserts that "my involvement was based primarily on the fact that I was a friend of co-defendants Carlos Palacios and Jose Lao and I was also a friend of [three] purchasers * * * After the transactions took place, I was never thereafter involved directly or indirectly with any aspect of the transactions nor with anyone of the individuals involved”. He further states that he was honorably discharged from the United States Army in 1963, after one year’s service. Thereafter, for the next five years, he was employed by the United States Government.
The Attorney-General opposes defendants’ application for dismissal. The Assistant Attorney-General, in his answering affidavit, states that "the Attorney General chose this statutory method [indictment] of proceeding, after receiving complaints from purchasers, as opposed to seeking a civil remedy.”
Dismissal of an indictment in the furtherance of justice, invoked sparingly, must be based upon a "sensitive balancing” of the interest of the individual and the State (People v Clayton, 41 AD2d 204, 206, 208).
In People v Clayton (supra), Mr. Justice Hopkins suggests seven factors that were among considerations appropriately to be weighed in each case. Two are (p 208): "the nature of the crime” and "the impact on the public interest of a dismissal of the indictment.”
The expressed legislative intent in the enactment of article 9-A of the Real Property Law was to prohibit fraudulent practices in connection with the sale of undivided (vacant) land situated outside of New York to residents of this State (1960 Opns Atty Gen 85). Defendants allegedly made four *485 sales in this State without first filing certain required statements. The purchasers complained to the State authorities, despite the defendants’ contention that there was no fraud or deceit involved in these sales. Under all the circumstances, I find no compelling factor or consideration that the prosecution of this case would result in injustice to these defendants.
The motion to dismiss the indictment in the interests of justice is denied.