Per Curiam.

County Court dismissed the indictment in this case on two grounds, the existence of the client-attorney privilege of confidentiality, a ground constituting a legal basis under CPL 210.20 (subd 1, par [h]), and, alternatively, in the interest of justice pursuant to CPL 210.20 (subd 1, par [i]) and 210.40. The Appellate Division affirmed the order of dismissal. The present appeal, pursuant to leave granted by a Judge of our court (CPL 460.20), is from the order of the Appellate Division.
There can be no doubt that the order affirming the dismissal of the indictment is appealable to us (CPL 450.90, subd 1; 450.20, subd 1). We are obliged to conclude, however, that in this case it is not reviewable in our court. To the extent that *62 the dismissal, affirmed by the Appellate Division, was granted in the interest of justice, only questions with respect to the exercise of discretion would be tendered for appellate review. Our court’s jurisdiction, however, with exceptions not material here, is limited to review of questions of law (NY Const, art VI, § 3, subd a). Consequently, insofar as the dismissal of this indictment was granted in the interest of justice it is outside the scope of our review, unless it could be said that there was an abuse of discretion as a matter of law. There is no predicate for any such contention in the record now before us. Since we are required to affirm on the basis of one of the alternative grounds on which the disposition of County Court was based, we proceed no further to review the actions of the court below.
Without intending to reflect on the dismissal in this case, we are also obliged to take this opportunity to express discomfiture with CPL 210.40 in its present form. To the extent that the section now fails to prescribe specific criteria for the responsible exercise of the discretion granted by the section and fails to require the court to articulate the manner and extent to which the particular case meets such criteria, it is open to misuse and effective appellate review is made difficult, if not impossible. In our view while efforts of the judiciary to fill the void are commendable (cf. People v Clayton, 41 AD2d 204), the issue involves policy of a dimension more appropriate for legislative resolution. Most important, the history of criminal procedure in this State has been to add safeguards against misuse or abuse of authority in criminal courts of first instance. Those safeguards, experience has demonstrated, are most effective if there be appellate review, possible only if there are standards. Justice for victim and defendant merits no less. We invite the attention of the Legislature to this predicament.
Accordingly, the order of the Appellate Division should be affirmed.