■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v DAVID CURETON, Respondent.—Appeal by the People from an order of the Supreme Court, Queens County, dated September 27, 1977, which, *inter alia,* set aside the defendant's conviction for burglary in the third degree and dismissed that count of the indictment (No. 102-77) pursuant to CPL 210.40 (subd 1). Order reversed, on the law, the burglary count of the indictment, and conviction therefor, are reinstated, and the case is remanded to the Criminal Term for the imposition of a sentence with respect thereto. The trial court set aside defendant's burglary conviction because it was concerned with the fact that although he was the more passive participant in the crime he was subject to a minimum sentence of two to four years, whereas

the more active participant in the crime was permitted to plead guilty to a misdemeanor and was sentenced to a three-year probationary period. It was an abuse of discretion to upset the burglary conviction. The codefendant, who was permitted to plead to a misdemeanor, had only a 14-year-old conviction for possession of marihuana. The defendant had nine prior convictions, including two felony convictions. Therefore, as a matter of law he could not plead to a misdemeanor (CPL 220.30, subd 3, par [b], cl [ii]). Since the crime involved violence and defendant's guilt was firmly established, this case does not come within the purview of CPL 210.40 (cf. *People v Clayton*, 41 AD2d 204). Mollen, P. J., Hopkins, Titone, Shapiro and O'Connor, J., concur.