81), especially where he failed to assert his innocence in his supporting affidavit (see, e.g., *People v Etheridge,* 29 AD2d 679, 680). On these facts, the court did not abuse its discretion in denying the motion to vacate the plea without a hearing (*People v Tinsley,* 35 NY2d 926, 927; *People v Dixon,* 29 NY2d 55). Titone, J. P., Gibbons, Niehoff and Boyers, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v HECTOR RAMOS, Respondent. — Appeal by the People from an order of the Supreme Court, Kings County (DeLury, J.), entered June 18, 1982, which dismissed the defendant's indictment in the interest of justice. Order reversed, on the law, indictment reinstated and matter remitted to Criminal Term for further proceedings consistent herewith. A motion to dismiss an indictment must be made in writing and upon reasonable notice to the People (CPL 210.45, subd 1; *People v Kouzelove,* 72 AD2d 608; *People v Boynton,* 67 AD2d 982). The procedural requirements of CPL 210.45 apply with equal force to a court which is considering the dismissal of an indictment upon its own motion (*People v Clayton,* 41 AD2d 204; *People v Pichkur,* 52 AD2d 852; *People v Vega,* 80 AD2d 867; *People v Boynton, supra*). The failure of Criminal Term to adhere to the procedural requirements of CPL 210.45 in this case requires reversal of the order appealed from. Titone, J. P., Gibbons, Niehoff and Boyers, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EARL REYNOLDS, Appellant. — Judgment of the Supreme Court, Suffolk County (Jaspan, J.), rendered April 29, 1982, affirmed. No opinion. This case is remitted to the Supreme Court, Suffolk County, for further proceedings pursuant to CPL 460.50 (subd 5). Thompson, J. P., O'Connor, Brown and Rubin, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARK RUBIN, Appellant. — Judgment of the Supreme Court, Suffolk County (Jaspan, J.), rendered April 29, 1982, affirmed. No opinion. This case is remitted to the Supreme Court, Suffolk County, for further proceedings pursuant to CPL 460.50 (subd 5). Thompson, J. P., O'Connor, Brown and Rubin, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LARRY SCHLOS-SER, Appellant. — Judgment of the County Court, Nassau County (Harrington, J.), rendered July 15, 1982, affirmed. No opinion. This case is remitted to the County Court, Nassau County, for further proceedings pursuant to CPL 460.50 (subd 5). Thompson, J. P., O'Connor, Brown and Rubin, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES C. WALLACE, Also Known as JAMES JACKSON, Appellant. — Appeals by defendant (1) from a judgment of the County Court, Nassau County (Thorp, J.), rendered November 20, 1980, convicting him of criminal possession of stolen property in the first degree, criminal possession of stolen property in the third degree, petit larceny, and reckless endangerment in the second degree (two counts), upon a jury verdict, and imposing sentence, and (2) by permission, from an order of the same court, dated November 23, 1981, which, *inter alia,* denied his *pro se* application to vacate his sentence. The appeal from the judgment brings up for review the denial, without a hearing, of defendant's motions to dismiss the indictment for failure to accord him a speedy trial. By order dated June 28, 1982, this court remitted the case to the County Court, Nassau County, to hear and report on the question of whether defendant was deprived of his statutory right to a speedy trial and held the appeals in abeyance in the interim (*People v Wallace,* 88 AD2d 1002). The County Court (Thorp, J.) has now complied. Judgment affirmed. Order affirmed. No opinion. At the conclusion of the hearing held pursuant to this court's order, the County Court found a period of 193 days of the pretrial delay to be chargeable to the People. The court