■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

Joseph Longwood, Appellant.—Appeal by defendant from a judgment of the County Court, Westchester County (Houston, J.), rendered April 5, 1982, convicting him of criminal possession of stolen property in the first degree and grand larceny in the second degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

Defendant was charged with three counts of criminal possession of stolen property in the first degree and one count of grand larceny in the second degree for three sales of stolen tractor trailer trucks and their cargoes to undercover officers on July 15, 1980, September 13, 1980, and October 15, 1980, respectively. His arrest came during the culmination of a Federally funded antifencing operation conducted between July 1979 and October 1980 by the Westchester County Police. Defendant claimed that he had been lured into participating in the July and October sales, and coerced into making the September sale, by a police informant. He was acquitted of the charges relating to the July and October sales by reason of entrapment, but was convicted for the September sale.

Defendant contends that he was not acquitted of the September truck sale because of inadequacies in the jury charge on the entrapment defense. Although the trial court's charge differed from that which had been requested by defense counsel, it adequately apprised the jury of the law governing the defense of entrapment (see, People v Dory, 59 NY2d 121, 129; People v Dengler, 109 AD2d 847). The statutory definition of the defense was fully narrated and the trial court took particular care to explain the operation of the burden of proof with regard to each count in the indictment.

Defendant failed to preserve for appellate review his contention that the jury verdicts were repugnant since the objection was not raised until the time of sentencing (see, People v Satloff, 56 NY2d 745; People v Stahl, 53 NY2d 1048).

Defendant's motion to dismiss the indictment in the interest of justice on the basis of police misconduct (CPL 210.40 [1] [e]), made at the close of the People's case, was procedurally defective. Such motions are intended to be pretrial motions unless they are based upon grounds which the defendant could not, with due diligence, have presented before trial (CPL 255.10, 255.20). Since defendant's entrapment defense could have been anticipated earlier, the motion was untimely. Moreover, such motions are to be made in writing, with sworn allegations of fact (see, People v Shedrick, 104 AD2d 263; People v Macy, 100 AD2d 557; People v Ramos, 94 AD2d 708; People v Boudin, 117 Misc 2d 518, 521).

Defendant's renewed motion to dismiss the indictment made at the time of sentencing was properly denied on its merits. The record reflects that, although the jury found entrapment as to the first and third sales, the circumstances surrounding the second sale did not demonstrate the kind of police conduct which would warrant a reversal in the interest of justice *(see, People v McGee,* 49 NY2d 48, 60-61; *People v Isaacson,* 44 NY2d 511).

There was also no error in the trial court's rulings which prohibited a defense witness from testifying about his prior contact with the police informant, and which denied defense counsel access to the police department's financial records on the entire operation, limiting such access to records dealing with this particular defendant. Since defense counsel sought to use this testimony and these records solely to impeach the informant's credibility, they were properly excluded as evidence offered on a collateral issue *(see, People v Duncan,* 13 NY2d 37, 41-42; *People v Pollard,* 54 AD2d 1012).

Defendant failed to preserve his claim that he was denied a fair trial because tape recordings which may have contained exculpatory material were erased by the police *(see, People v Saddy,* 84 AD2d 175). A reversal in the interest of justice is not required since it is highly unlikely that telephone messages allegedly left by defendant on the undercover officers' telephone answering machine contained exculpatory material. Lazer, J. P., Bracken, Kunzeman and Kooper, JJ., concur.