OPINION OF THE COURT
Stuart L. Ain, J.
This is a motion by the defendant for an order sealing the records of defendant’s convictions under indictment Nos. 30171, 30172, 39359 and 43795. Under indictments 30171 and 30172, the defendant had been charged, inter alla, with robbery in the third degree and burglary in the third degree, respectively. On October 22, 1970, these indictments were disposed of in the Youth Part, under indictment No. 30171 by plea of guilty to the crime of petit larceny. The defendant was thereupon sentenced to a conditional discharge.
Under indictment No. 39359, the defendant was charged *753 with the crime of robbery in the first degree. This matter proceeded to trial which resulted in a deadlocked jury. Prior to retrial, the defendant was permitted to plead guilty on February 16, 1977 to petit larceny. Defendant was subsequently sentenced to a three-year term of probation. Also on February 16, 1977, the defendant was permitted to plead guilty to another charge of petit larceny under indictment No. 43795, charging grand larceny in the third degree. The defendant was likewise sentenced to a concurrent term of probation.
The defendant concedes that CPL 160.50 does not provide for a nunc pro tune sealing of records. Indeed the court is aware of no statute which provides for the remedy sought by this defendant. Rather, the defendant argues that such relief should be afforded to him due to the fact that he has avoided any further conflict with the law (since 1975). Defendant further contends that he has been unable to obtain and/or maintain steady employment as a truck driver because bonding company background checks reveal his criminal history, as a result of which the companies decline to bond him. Defendant argues by analogy to the "interests of justice” dismissal (CPL 210.40; see also, People v Clayton, 41 AD2d 204) that the defendant’s individual interest in securing employment is outweighed by any impact that this sealing might have on the public.
In opposition, the People correctly note that as to the youthful offender adjudications, defendant already enjoys the privilege of sealing. However, the People do oppose any sealing as to the remaining convictions on the ground that it would be unjust to deprive the bonding companies of the knowledge that defendant pleaded guilty to crimes of theft, notwithstanding the age of the convictions.
While the court is aware of authorities to the effect that the court has "inherent discretionary power” to unseal records (see, e.g., Matter of Anonymous, 95 AD2d 763; Matter of Hynes v Karassick, 47 NY2d 659), the court has not found any authorities for a converse inherent power to seal records which are not sealed by statute.
Furthermore, upon due consideration of the fact that defendant has remained clear of the criminal justice system for some 14 years, and upon consideration of the defendant’s laudable desire to maintain steady employment, the court, nonetheless, cannot conclude that the interests of this defendant clearly outweigh societal interests.
*754 In this case, defendant seeks sealing so that he may be bonded by an insurance company. The bonding companies, according to defendant, refuse to "bond” him because of his criminal history. Clearly, the question of whether or not the insurance company should "bond” aq individual is a question which must be reserved to the bonding company itself. The bonding company will stand to lose if the defendant commits some defalcation in regard to his employment. In reaching the decision whether or not the bonding company will "vouch” for an individual, that company seeks to learn as much about that individual as it can. Of particular importance to the company would be prior criminal activity. Criminal activity involving theft would be of even greater significance. In sum, the court believes that the bonding company should know of this defendant’s criminal history. While the court believes that this defendant’s history is of sufficient age that this defendant should be considered for bonding (instead of automatically rejected) the ultimate decision must rest with the bonding company.
Accordingly, the motion is denied.