■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v JOSEPH TAIBI, Respondent.—Appeal by the People, as limited by their brief, from (1) so much of an order of the County Court, Dutchess County (King, J.), dated April 10, 1989, as, after a hearing, granted that branch of the defendant's motion which was to dismiss the first count of the indictment against him on the ground that the evidence before the Grand Jury was legally insufficient and as found that an audiotape of a September 4, 1987, conversation between an undercover police officer and the defendant was inaudible and inadmissible before the Grand Jury, and (2) from so much of an order of the same court, entered May 18, 1989, as, after a hearing, granted the defendant's motion to dismiss the entire indictment against him in the interest of justice.

Ordered that the order entered May 18, 1989, is affirmed, and it is further,

Ordered that the appeal from the order dated April 10, 1989, is dismissed as academic.

While serving his sentence at the Fishkill Correctional Facility pursuant to a judgment convicting him, upon his plea of guilty, of grand larceny in the second degree and offering a false instrument for filing in the first degree (three counts) the defendant, a quadriplegic, told a fellow inmate that he wanted to kill his former business partners. The inmate informed the New York County District Attorney's office, which arranged to have the informant introduce an undercover police officer to the defendant as a "hitman". Two meetings and a telephone call ensued, wherein details of the murders were discussed. One of the meetings and the telephone conversation were tape recorded. The defendant never made a downpayment.

The prosecutor thereafter confronted the defendant with the evidence of the planned murders and requested his cooperation in an investigation of corruption in the construction industry. The defendant was threatened that new charges would be brought against him and parole would be blocked if he did not cooperate. The defendant thereupon agreed to cooperate and supplied the police with a notebook listing corrupt payments that he had made, with an explanation of its contents. Upon his release on parole, the defendant refused to continue cooperating with the authorities on the ground

that some of their demands were, in his view, beyond the scope of the cooperation agreement and might jeopardize his safety and that of his business. The defendant was indicted for conspiracy in the second degree and criminal solicitation in the second degree in connection with the murder plans.

On the defendant's motion, the court dismissed the conspiracy count of the indictment on the ground of insufficient evidence of an overt act. The court declared that the audiotape of a conversation between the defendant and the undercover officer to be inaudible and inadmissible. Thereafter, a hearing was held pursuant to *People v Clayton* (41 AD2d 204), as a result of which the court dismissed both counts of the indictment in the interest of justice.

In view of the defendant's severe physical disability, the apparent inability of the New York State Department of Correctional Services to provide for his physical needs, the absence of any direct harm as a result of the defendant's actions, the absence of any evidence that dismissal would undermine confidence in the criminal justice system, and the possibility that the fellow inmate approached the defendant with the intent of obtaining inculpatory information to coerce his cooperation in undercover investigations, the court did not improvidently exercise its discretion in granting the defendant's motion to dismiss the indictment pursuant to CPL 210.40.

Under the circumstances, it is unnecessary to address the People's remaining contentions. Thompson, J. P., Kunzeman, Harwood and Rosenblatt, JJ., concur.