OPINION OF THE COURT
Harold Adler, J.
The defendant, a 58-year-old victim of a life of drug addiction which has left him permanently disabled and chronically ill, moves for dismissal in the interest of justice. He is charged *638 with violating Penal Law §220.45 (criminal possession of a hypodermic instrument).
A court may grant a dismissal in the furtherance of justice, even when there is no other legal basis requiring a dismissal, when there exists "some compelling factor, consideration or circumstance clearly demonstrating that conviction or prosecution of the defendant upon such accusatory instrument or count would constitute or result in injustice.” (CPL 170.40 [1].) Dismissal lies within the discretion of the Trial Judge but such discretion is neither absolute nor uncontrolled. (People v Wingard, 33 NY2d 192 [1973]; People v Benevento, 59 AD2d 1029 [4th Dept 1977].)
CPL 170.40 (1) provides 10 criteria that a court must examine and weigh collectively and individually, to the extent appropriate, in deciding whether to exercise its discretionary power to dismiss:
(a) the seriousness and circumstance of the offense;
(b) the extent of harm caused by the offense;
(c) the evidence of guilt, whether admissible or inadmissible at trial;
(d) the history, character and condition of the defendant;
(e) any exceptionally serious misconduct of law enforcement personnel in the investigation, arrest and prosecution of the defendant;
(f) the purpose and effect of imposing upon the defendant a sentence authorized for the offense;
(g) the impact of a dismissal on the safety or welfare of the community;
(h) the impact of a dismissal upon the confidence of the public in the criminal justice system;
(i) where the court deems it appropriate, the attitude of the complainant or victim with respect to the motion;
(j) any other relevant fact indicating that a judgment of conviction would serve no useful purpose.
When viewing these factors individually and collectively, the court must look to compelling factors which warrant dismissal. A compelling factor is present if denial of the motion would be such an abuse of discretion so as to shock the conscience. (See, People v Stern, 83 Misc 2d 935 [Crim Ct, NY County 1975].)
A dismissal in the furtherance of justice may be granted even though "there may be no basis for dismissal as a matter *639 of law.” (CPL 170.40 [1].) Dismissal may also be granted even where the evidence of guilt against the defendant is unquestioned. (People v Hirsch, 85 AD2d 902 [4th Dept 1981].) The statute contemplates decisions based upon and made "in response to factors largely resting on value judgments of the court.” (People v Clayton, 41 AD2d 204, 208 [2d Dept 1973].)
In weighing the statutory criteria, a court must keep in mind the "sensitive balance between the individual and the State that must be maintained.” (People v Clayton, supra, at 208.) The requirement that the specific statutory criteria be weighed by the court and set in a written decision acts as a safeguard of public interest, while also protecting the individual’s interest in justice and mercy. "[T]he statute allows an escape from the rigorous rules controlling the dismissal of an indictment only for reasons arising from substantial defects in supporting evidence or required procedure.” (People v Clayton, supra, at 208.)
This court has examined and considered, individually and collectively, all of the criteria enumerated in CPL 170.40 (1) and grants the defendant’s motion to dismiss in the furtherance of justice for the following reasons.
THE SERIOUSNESS AND CIRCUMSTANCES OF THE OFFENSE
There are no allegations that the defendant possessed a controlled substance. Defendant is charged with possessing three sterile hypodermic needles. The People suggest that the defendant intended to sell these to hypodermic drug users. Because most recent medical opinions suggest that sterile hypodermic needles should be freely available to the drug-addicted community, the seriousness of the defendant’s offense is small and the circumstances warrant dismissal in the interest of justice.
This court is painfully aware of the devastating and rapid spread of AIDS among the intravenous drug-addicted community. AIDS has shown up everywhere, in every community, and without a plan, may devastate and bankrupt health care for every human inhabitant of this planet. Our city hospitals, in large part, are being consumed in battling this plague. The AIDS preventative measures currently available to drug addicts are wholly inadequate. A large number of intravenous drug users inject with a used needle because a new one is not readily available. This has drastically spread the HIV virus and has contributed to the AIDS crisis.
*640 The People contend that it is important to prosecute this crime because the availability of hypodermic needles encourages intravenous drug use. However, this court disagrees. Wide availability of clean hypodermic needles can stem the spread of AIDS and save lives. Because the possible benefit of clean hypodermic needles counterbalances the seriousness of the crime charged, it would be unjust to further punish the defendant for possessing clean hypodermic needles.
THE EXTENT OF HARM CAUSED BY THE OFFENSE
The extent of harm caused by the offense is outweighed by the health benefits of providing hypodermic drug users with clean needles. If the defendant didn’t have his own needle, he would be more likely to share someone else’s needle, risking HIV infection. Alternatively, if the defendant was providing clean needles to other addicts, these addicts would be less likely to share needles. Therefore, there was no harm by the offense and much benefit. There is no doubt that the drug-addicted community will continue to use "dirty” needles if not provided clean needles.
THE HISTORY, CHARACTER AND CONDITION OF THE DEFENDANT
The defendant’s history, character and condition have significant weight in evaluating this motion. The defendant is a living testament to the tragedy of drug abuse. He left school after the ninth grade and became a heroin addict. In the 1950’s drug rehabilitation was unavailable for people like the defendant. He used heroin for the next 35 years. He has been in and out of prison on drug-related charges.
In 1974, the defendant completed 26 months of rehabilitation. He eventually became a program staff member and worked with fellow addicts. He relapsed in 1977 and spent 18 months at another program before a relapse in 1984.
In 1985 he developed an abscess on his left leg as the result of a heroin injection. Gangrene set in and his leg was amputated at the knee. He has since developed a stomach ulcer and high blood pressure, both of which require daily medication. The defendant claims he is ineligible for Social Security/disability payments because he was told, in his own words, "I’m not handicapped enough.”
*641 Upon his release from State prison in 1990 he has been associated with a community service organization that provides food for the needy and needle sterilization kits for drug addicts. The defendant lives and spends his days at the facility and, although confined to a wheelchair, does night security work for the organization.
The defendant’s entire criminal record is based on drug-related offenses. He has no violent criminal convictions. He is really his own victim of a life of drug abuse and neglect.
THE PURPOSE AND EFFECT OF IMPOSING UPON THE DEFENDANT A SENTENCE AUTHORIZED FOR THE OFFENSE
Sentencing the defendant for possessing a clean hypodermic needle would discourage the flow of clean hypodermic needles. This would encourage needle-sharing among those addicted to intravenous drugs and increase the spread of the HIV virus. This, in turn, would have a negative impact on the safety and welfare of the community. The silent cries of children too weak to whimper and condemned to experience a condensed and painful lifetime in an antiseptic and lifeless pediatric intensive care unit commands this decision of this court.
THE IMPACT OF A DISMISSAL UPON THE CONFIDENCE OF THE PUBLIC IN THE CRIMINAL JUSTICE SYSTEM
This case involves (a) an arrest for a crime involving neither theft nor injury of any kind; (b) a defendant who has already spent over two weeks in jail as a result of his arrest, and is facing a substantial parole violation sentence; (c) a defendant who is his own victim of a life of drug addiction, which has left him permanently disabled and chronically ill.
By dismissing this case, the criminal justice system will show that it does not needlessly punish and that it has a sense of fairness, compassion and empathy for one who has already suffered too much. Therefore, the dismissal of this case may increase the public’s confidence in the criminal justice system.
Accordingly, the defendant’s motion to dismiss in the interest of justice is granted.