THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v RICHARD PITTMAN, Respondent. [643 NYS2d 560]

The defendant was arrested after a loaded .38 caliber revolver fell out of his pocket as he was playing with one of his friends at the Staten Island ferry terminal. A speed loader with extra bullets for a different weapon was also recovered from him. He gave a written statement to the police in which he claimed that he carried the gun for protection after having been the victim of two gunpoint robberies. At the time of his arrest, the defendant was on probation following a 1991 conviction for selling two glassine envelopes of heroin to an undercover officer near an elementary school. At trial, the defendant related that he had obtained the gun from a seventeen year old friend, and that he planned to exchange the gun for cash at a local precinct as part of the gun amnesty program there.

The jury rejected the defendant's account, though instructed on the law concerning temporary lawful possession, by convicting him of the sole count of criminal possession of a weapon in the third degree. The case was adjourned, and on the scheduled sentencing date, the defendant moved to dismiss the charges, in the interest of justice, claiming as cause for the delay in moving his decision to exercise his right to go to trial. At an ensuing hearing, two witnesses testified to the defendant's promising career as a musician, and his concern for his family. The defendant also testified that he was trying to help society by returning the gun, that he had made a mistake with respect to his first crime, and that, in retrospect, he would have done things differently and not even taken the gun. Although made nine months after the defendant's arraignment, the court granted the defendant's motion to dismiss. We reverse this determination.

The defendant's CPL 210.40 (1) motion was untimely because not made within forty-five days of arraignment (CPL 255.10 [1];

255.20). Such motions are intended to be pre-trial motions, and the delay here was not adequately excused by the defendant's assertion that he wanted to avail himself of his right to go to trial. His appellate assertion that the delay was really due to the imminent release of his music album is equally spurious (CPL 255.20 [3]; *People v Longwood,* 116 AD2d 590, 591).

On the merits, the decision to dismiss the indictment was also an abuse of discretion. An indictment may be dismissed in furtherance of justice only when there exists "some compelling factor, consideration or circumstance clearly demonstrating that conviction or prosecution of the defendant * * * would constitute or result in injustice" (CPL 210.40 [1]). The court is required to consider, both individually and collectively, the ten statutory criteria set forth in CPL 210.40 and to strike a sensitive balance between the individual and the State (*People v Clayton,* 41 AD2d 204).

Our independent analysis of the facts of this case leads us to conclude that the trial court abused its discretion, in dismissing the indictment, because this was not the " 'rare' and 'unusual' case where it 'cries out for fundamental justice beyond the confines of conventional considerations' [citations omitted]" (*People v Insignares,* 109 AD2d 221, 234, *lv denied* 65 NY2d 928). Possession of a loaded weapon, with additional ammunition, is a serious crime. There was great potential for harm to the other people in the ferry terminal had this gun discharged as the defendant was playing with it. The evidence of defendant's guilt was overwhelming, and although he may be a hardworking family man, talented artist, and model probationer, these facts alone are insufficient for interest of justice dismissal (*People v Harmon,* 181 AD2d 34).

By dismissing the instant indictment, the court "trivialize[d] the massive public effort mobilized to combat * * * the widespread use of illegal firearms" (*People v Reyes,* 174 AD2d 87, 90). It cannot be seriously argued that the public's faith in the judiciary would be enhanced when a felon who was initially granted probation only two years earlier and then found guilty by a jury is allowed to escape conviction for carrying a loaded weapon. The indictment and jury verdict are reinstated, and the case is remanded for sentence. Concur—Milonas, J. P., Rosenberger, Rubin, Kupferman and Tom, JJ.