OPINION OF THE COURT
John M. Leventhal, J.
Defendant moves to allow his prior counsel, a former staff attorney with the Legal Aid Society, to testify at his Clayton hearing (People v Clayton, 41 AD2d 204) currently pending before this court. Defendant seeks a preliminary ruling precluding the People from cross-examining the defendant’s former attorney on any matters governed by attorney-client privilege including any statements made by the defendant concerning defendant’s guilt or innocence.
*286 The defendant proposes to call his former attorney as a character witness and it is alleged it will be relevant to the following Clayton factors under CPL 210.40:
“(d) the history, character and condition of the defendant * * *
“(f) the purpose and effect of imposing upon the defendant a sentence authorized for the offense * * *
“(j) any other relevant fact indicating that a judgment of conviction would serve no useful purpose.”
The People oppose defendant’s application.
This court notes at the outset that one of the factors to be considered by a court in deciding whether to dismiss an indictment in the furtherance of justice is the “evidence of guilt, whether admissible or inadmissible at trial” (CPL 210.40 [1] [c]).
The court will allow the defendant’s former attorney to testify at the Clayton hearing subject to cross-examination by the People as to statements made by the defendant to his counsel. Yet, this court in its discretion will grant use immunity to the defendant as to any of these statements. (See, Simmons v United States, 390 US 377.) Thus, the People will not be able to introduce these statements in their case-in-chief at trial, but the People will be able to cross-examine the defendant as to these statements should he elect to testify.