OPINION OF THE COURT
Robert Charles Kohm, J.
On March 14, 2012, the defendant was found guilty of the crime of criminal possession of a weapon in the second degree (Penal Law § 265.03 [a class C violent felony]), after a jury trial held before this court.[1] Since the rendition of the verdict, the defendant retained new counsel who has filed a motion, pursuant to CPL 330.30 (1), seeking an order setting aside the verdict.
The People have submitted an affirmation in opposition.
CPL 330.30 (1) provides for the setting aside of a verdict upon “(a)ny ground appearing in the record which, if raised upon an appeal from a prospective judgement of conviction, would require a reversal or modification of the judgement as a matter of law by an appellate court.”
The defendant has raised two grounds in support of his motion. First, he argues that a prior set of pretrial rulings by another justice improperly denied the defendant his right to a constitutionally mandated Mapp hearing with respect to the weapon recovered by the police at the time of his arrest. Next, he contends that he was denied his due process right to a fair *450 trial by this court’s in limine ruling precluding the defendant from introducing into evidence the fact that he was the possessor of a valid license or permit to carry a concealed and loaded weapon in the State of Connecticut.
In the alternative, the defendant has filed a Clayton motion (People v Clayton, 41 AD2d 204 [1973]) which seeks, pursuant to CPL 210.40, to dismiss the indictment in furtherance of justice.
Conclusions of Law
The CPL 330.30 Motion
By decision and order, dated November 30, 2010, the Honorable James R Griffin denied the defendant’s application for a Mapp hearing. Justice Griffin held that the defendant’s moving papers were “devoid of any sworn factual allegations asserting a legitimate expectation of privacy in the premises or object searched, from a person with actual knowledge ... an essential requirement for defendant to achieve standing to challenge the search that resulted in the discovery of property.” By notice of motion and supporting affirmation, defendant’s original counsel moved for reargument of that portion of the court’s decision which denied the defendant’s request for a Mapp/Dunaway hearing. Although finding the defendant’s reargument motion to be untimely, Justice Griffin granted reargument, and upon reargument he adhered to his original decision, holding that the defendant “failed to establish this Court misapprehended material facts on the law; instead, the defendant simply changed the facts upon which he is now relying and changing his strategy.”[2]
The validity of Justice Griffin’s prior rulings is not properly the subject of a motion brought pursuant to CPL 330.30. By its express statutory language, CPL 330.30 pertains to grounds appearing in the record which, if raised upon an appeal would require a “reversal or modification” of the judgment of conviction by an appellate court.
Where, on appeal, the appellant claims that his motion to suppress evidence was improperly denied by the trial court without a hearing, the appellate court — if in agreement — remits the matter to the trial court for a posttrial hearing, and the appeal is held in abeyance in the interim (.People v Coleman, 60 *451 AD3d 1079 [2009]; People v Vega, 188 AD2d 499 [1992]). Therefore, the issue regarding the alleged failure to order a pretrial Mapp hearing would not, if raised upon appeal, require a reversal or modification, but would at best result in the matter being remitted to the trial court to conduct a suppression hearing.
Addressing the second ground raised by the defendant, that is, that this court erroneously precluded the defendant from providing evidence to the jury that he possessed a valid license for the weapon, albeit in a different state, the court will make reference, in pertinent part, to its pretrial ruling (see official court minutes, proceedings, at 2-6, Oct. 25, 2011) and the relevant colloquy between the parties and the court.
“the court: Prior to selection, the People made an application to preclude the defendant from introducing any evidence at trial with respect to the defendant having a Connecticut license for the weapon in question, either through cross-examination of the People’s witnesses or through defendant’s testimony, should the defendant elect to testify.
“The defendant opposed [the] People’s application.
“In addition to Count I of Criminal Possession of Marihuana in the Third Degree, defendant is charged with two counts of Criminal Possession of a Weapon in the Second Degree. Under Count II he is charged with violating Penal Law § 265.03-(3), in that it is alleged that he possessed a loaded pistol and that such possession was not in his home or place of business. Under Count III he is charged with violating Penal Law § 265.03 (1) (b), in that it is alleged that he possessed a loaded pistol with intent to use it unlawfully against another person.
“While the fact that the defendant has an out of state license to carry the subject handgun, Penal Law § 400, entitled: ‘License to Carry, Possess, Repair or Dispose of Firearms’ indicates no general provision recognizing the giving of effect to permits or licenses issued by other states to their residents. Although there are certain limited exceptions allowing out of state residents with firearm permits to carry firearms in New York State, the defendant does not fall into one of those types of circumscribed categories: therefore, the fact the defendant had a *452 permit or license for the gun is not a defense to either of the charges.
“However, the Court concludes that since Count III alleges that the defendant intended to use the pistol against another person, and the only support for that allegation is derived from the statutory presumption set forth in Penal Law § 265.15 (4), it is only fair that the jury be allowed to hear of the defendant being a valid holder of a Connecticut license for the weapon, as proof of the fact would bear materially upon the required mental state of intent. “The fact that the defendant held such a license is not material or relevant to the charge contained in Count II, since the only mental state to be proved is that the defendant knowingly possessed a loaded firearm; therefore the jury will be instructed that they may consider the Connecticut license only insofar as Count III and only with respect to the element of intent.
“Were the People in their discretion to dismiss Count III, then the prior application to preclude mention of the Connecticut license at trial would be granted.
“ms. finnerty: People have an application at this point.
“the court: Yes, your application?
“ms. finnerty: Your Honor, at this time, with the understanding based on your ruling that you just mentioned, People at this time move to dismiss Count III, Penal Law § 265.03 (1) (b), the count pertaining to the intent charge.
“With that in mind, the People are renewing their application from yesterday asking that any mention about the mere existence of the permit be precluded both from counsel’s cross of any of the People’s witnesses, as well as the defendant’s testimony should he choose to take the stand.
“the court: Mr. Lawrence?
“mr lawrence: I would oppose the application with regard to Count III dismissal at this point. Obviously, coming on the eve of trial after all parties have been preparing for the Count III to be part of the application, but in light of the People’s ability to dismiss Count III over any objection, I’m going to *453 take an exception to the fact that we cannot mention the license and just reserve any rights that I may have at this point.”
The defendant argues that “his mental state” (i.e., his mens rea) is a critical element of the crime charged. He further argues that he has “an absolute right to establish what his mental state was at the time of his arrest, as it relates directly to the element of 'knowingly’ ” (see Krinsky affirmation in support of motion, at 9, para 5, Apr. 6, 2012).
While the defendant is correct that his mental state at the time of his arrest was a critical element of the crime charged, he is mistaken in contending that the fact that he was a holder of a Connecticut pistol license had any bearing on whether or not his possession of the weapon in New York State, on December 12, 2009, was a “knowing” possession or not. A person knowingly possesses a firearm when he is aware that he possesses a firearm. Therefore, the fact that a person may possess a license to possess a firearm is immaterial to whether or not that person is aware that he is in possession, actual or constructive, at the time and place in question. To have allowed evidence of the pistol license before the jury would have been improper, since the only purpose in doing so would have been to engender sympathy for the defendant.
Finally, the defendant argues that his statement to the arresting police officers, that he had “a valid license from Connecticut” for the weapon in question, should have been admitted as part of the “res gestae” of the case. The defendant’s reasoning is faulty, since the court had already ruled (see above) that any reference to that statement or the facts contained therein were inadmissible. Consider an analogous situation: a defendant is arrested and makes an inculpatory statement to the police officer during custodial questioning, without being first afforded Miranda warnings. At a subsequent suppression hearing the statement is ruled involuntary and inadmissible at trial. Can the People still attempt to bring the statement before the jury upon the ground that it was part of the “res gestae” of the arrest? Certainly not.
Accordingly, the defendant’s motion to set aside the verdict, pursuant to CPL 330.30 (1), is denied.
The Clayton Motion
The instant motion to dismiss in furtherance of justice is grossly untimely and will be summarily denied. A motion made to dismiss the indictment in the interest of and in furtherance *454 of justice (CPL 210.20 [1] [i]; 210.40 [1]) should be made within the period provided in CPL 255.20 (1), which provides that the motion be served and filed within 45 days after arraignment and before commencement of trial. Although subdivision (3) provides that a court may entertain and dispose of a pretrial motion at any time before sentence, this may only be done where “good cause” for the delay has been shown. The defendant has failed to establish any good cause for the bringing of this motion on the eve of sentencing (see People v Pittman, 228 AD2d 225 [1996], lv denied 88 NY2d 992 [1996]).
Nevertheless, were this court to consider the merits of this Clayton motion, by addressing both individually and collectively the 10 statutory criteria set forth in CPL 210.40 (1) (a)-(j), the court would be compelled to find against the position of the defendant under every one of the 10 statutory criteria, where applicable. The fact that the defendant once appeared to have been a gainfully employed individual with no criminal record hardly outweighs: (a) the seriousness and circumstances of the offense (bringing a fully loaded and operable, semi-automatic pistol into this jurisdiction); (b) the extent of harm caused by the offense (although the weapon did not discharge, being fully loaded with one round of ammunition in the chamber, the potential for destruction was great); (c) the evidence of guilt (the defendant stands convicted by a jury); (d) the history, character and condition of the defendant (the defendant stands convicted of a class C violent felony); (e) any exceptionally serious misconduct of law enforcement personnel in the investigation, arrest and prosecution of the defendant (none); (f) the purpose and effect of imposing upon the defendant a sentence authorized for this offense (to ensure an appropriate punishment commensurate with the violent nature of the crime); (g) the impact of a dismissal upon the confidence of the public in the criminal justice system (an impact of significant and negative weight, sending a signal that illegal weapon possession is nothing but a trifling matter, subject to dismissal at the whim of the judiciary); (h) the impact of a dismissal on the safety or welfare of the community (of great impact, as a dismissal could only serve to embolden others who seek to carry and use illegal weapon in this state); (i) attitude of complainant (not appli *455 cable); and (j) any other relevant fact indicating that a judgment of conviction would serve no useful purpose (none).[3]
The court declines to address the allegations made by the defendant concerning the past decisions of the Queens County District Attorney’s Office with respect to its handling of similarly situated defendants arrested for illegal weapon possession in Queens County, for to do so would necessarily involve an improper intrusion into the internal policies of the Office of the District Attorney and, in any event, is irrelevant to this court’s disposition of this matter.
The court concludes that there is no basis for dismissal of the indictment as a matter of judicial discretion, since the moving papers submitted on behalf of the defendant, together with the trial record, fail to show the existence of some compelling factor, consideration or circumstance clearly demonstrating that conviction of the defendant upon such indictment would constitute or result in injustice.
Accordingly, the defendant’s motion to dismiss in the interest of and in furtherance of justice is denied.

. The defendant was found not guilty of criminal possession of marihuana in the third degree. A codefendant, Duane Powell, had pleaded guilty on October 25, 2011 to the marihuana charge and was sentenced to a definite term of imprisonment of one year.

. This court was bound to honor the two prior decisions of Justice Griffin denying the defendant’s applications for a Mapp hearing, since Justice Griffin sits as a court of coordinate jurisdiction to this court.

. Despite seeking a dismissal of the indictment in furtherance of justice, the defendant did not address any of the statutory criteria set forth in CPL 210.40 (1) (a)-(j).