People v Burke (2019 NY Slip Op 05991)





People v Burke


2019 NY Slip Op 05991


Decided on July 31, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 31, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
HECTOR D. LASALLE
BETSY BARROS
VALERIE BRATHWAITE NELSON, JJ.


2018-07850
 (Ind. No. 9823/15)

[*1]The People of the State of New York, appellant,
v
Gavel Burke, respondent.


Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Victor Barall, and Ann Bordley of counsel), for appellant.
David T. Roche, New York, NY, for respondent.



DECISION & ORDER
Appeal by the People from an order of the Supreme Court, Kings County (Shawndya L. Simpson, J.), dated May 15, 2018, which granted the defendant's motion pursuant to CPL 210.40 to dismiss the indictment in furtherance of justice to the extent of dismissing the 20 firearm- and weapon-related counts of the indictment.
ORDERED that the order is reversed, on the law, and the matter is remitted to the Supreme Court, Kings County, for a hearing and a new determination thereafter of the defendant's motion.
The defendant was indicted for various firearm, weapon, and drug offenses based on his alleged sales of marijuana and firearms to an undercover officer on multiple occasions. Subsequently, the defendant moved pursuant to CPL 210.40 to dismiss the indictment in furtherance of justice. In an order dated May 15, 2018, the Supreme Court granted the motion to the extent of dismissing the 20 firearm- and weapon-related counts of the indictment. The People appeal.
Contrary to the People's contention, the Supreme Court did not improvidently exercise its discretion in considering the merits of the defendant's motion even though it was made more than 45 days after the defendant's arraignment (see CPL 255.20[1]). As relevant here, CPL 255.20(3) provides that "the court must entertain and decide on its merits . . . any appropriate pre-trial motion . . . which, for . . . good cause, could not reasonably have been raised within [the 45-day period prescribed by CPL 255.20(1)]." We agree with the court's determination that good cause existed as to why the subject motion could not have been made within 45 days after the defendant's arraignment (cf. People v Longwood, 116 AD2d 590, 591).
However, the Supreme Court should not have decided the motion without conducting a hearing. CPL 210.40 authorizes the court to dismiss an indictment or any count thereof in furtherance of justice, as a matter of judicial discretion, when, after considering certain enumerated factors, the court finds "the existence of some compelling factor, consideration or circumstance clearly demonstrating that conviction or prosecution of the defendant upon such indictment or count would constitute or result in injustice" (CPL 210.40[1]). In deciding such a motion, "a court must [*2]strike a sensitive balance between the individual and the State' interests to determine whether the ends of justice are served by dismissal of the indictment" (People v Jenkins, 11 NY3d 282, 287, quoting People v Clayton, 41 AD2d 204, 208). "Such a value judgment hinge[s] on the production of facts in the possession of the prosecution and the defendant'" (People v Jenkins, 11 NY3d at 287, quoting People v Clayton, 41 AD2d at 208). CPL 210.45 requires a hearing when the facts essential to the determination of a motion made pursuant to CPL 210.40 are in dispute (see CPL 210.45[4][c]; [5][c]; [6]; People v Clayton, 41 AD2d at 207). Here, since the essential facts were in dispute, the court should have conducted a hearing before making its findings of fact (see People v Quadrozzi, 55 AD3d 93, 104; People v Clayton, 41 AD2d at 208).
Accordingly, we remit the matter to the Supreme Court, Kings County, for a hearing and a new determination thereafter of the defendant's motion.
LEVENTHAL, J.P., LASALLE, BARROS and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court