■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v DAVID DOLAN, Respondent.—Mercure, J. Appeal from an order of the County Court of Columbia County (Leaman, J.), entered July 24, 1991, which dismissed the indictment.

At the conclusion of the nonjury trial of an indictment charging defendant with a single count of obstructing governmental administration in the second degree,* a class A misdemeanor, County Court dismissed the indictment in furtherance of justice. The People appeal, contending that County Court erred in depriving them of an opportunity to be heard on the issue and in failing to render a verdict.

---

* An additional count of reckless endangerment in the second degree was dismissed prior to trial and is not the subject of this appeal.

There should be a reversal. Although County Court placed the People on notice of the fact that dismissal in furtherance of justice was one of the options being considered, it gave them no opportunity to present evidence or argument in opposition *(see,* CPL 210.40 [1]; 210.45 [1], [6], [7]). Where, as here, a court considers *sua sponte* a dismissal in furtherance of justice, "it should not do so until fair notice of its intention has been given to the parties and a hearing has been held" *(People v Clayton,* 41 AD2d 204, 207). In our view, a trial of the indictment is not an adequate substitute for a *Clayton* hearing, as evidence bearing directly on defendant's guilt or innocence is dispositive of only a few of the 10 factors to be considered by the court in connection with a motion to dismiss in furtherance of justice *(see,* CPL 210.40 [1] [a]-[j]) and is irrelevant to the majority of them *(see, People v Zagarino,* 74 AD2d 115, 119). We also reject defendant's contention that the People's challenge was not preserved for appellate review by virtue of their failure to object to County Court's determination. Following its detailed examination of the evidence and conclusion that defendant's guilt had been established, County Court proceeded directly to its consideration of the issues surrounding dismissal of the indictment in furtherance of justice. The People could hardly be expected to interrupt County Court's discourse.

Although we realize that remittal may be viewed as a pointless act, for "[i]t may well be that the County Court will again conclude that the indictment should be dismissed in the furtherance of justice after giving deliberation to what the parties may offer * * * full opportunity should be afforded to the People and the defendant to provide the court with such evidence and arguments that they deem relevant to the issue" *(People v Clayton, supra,* at 208). Accordingly, County Court's order should be reversed, the indictment reinstated and the matter remitted to County Court for a hearing on notice to the parties for the purpose of determining whether, pursuant to CPL 210.40, the indictment should be dismissed in furtherance of justice.

Weiss, P. J., Mikoll and Levine, JJ., concur. Ordered that the order is reversed, on the law, indictment reinstated and matter remitted to the County Court of Columbia County for further proceedings not inconsistent with this court's decision.