■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v JAMAAL A. RUSS, Respondent. [796 NYS2d 444]—

Lahtinen, J. Appeal from an order of the County Court of Broome County (Smith, J.), entered May 12, 2003, which, sua sponte, dismissed the indictment.

The procedural path of this case is somewhat convoluted and the People have vacillated before County Court in their position on key issues. The primary issue before us, however, distills to whether County Court erred in dismissing the indictment in the furtherance of justice (see CPL 210.20, 210.40) without providing prior notice that it was considering such action. Briefly by way of background, an undercover police officer purchased $40 worth of cocaine and, shortly thereafter, the officer identified defendant as the seller when he drove back by the area and observed defendant speaking with other officers. Defendant was not, however, arrested until approximately two weeks later. At a Wade hearing, the undercover officer was unable to independently identify defendant and, at such hearing, it was revealed for the first time that a confidential informant had accompanied the officer during the drug transaction. Defendant then sought disclosure of the identity of the informant upon various grounds, including that the informant might provide exculpatory information. The People took the position that the confidential informant need not and would not be disclosed. While this issue was lingering, County Court had before it issues raised in Wade and Huntley hearings. The People requested that, as part of the decision addressing those issues, the court also rule as to whether the People must disclose the identity of the confidential informant. Although the court appeared to indicate that it would not address the informant disclosure issue at that juncture, its subsequent written decision in the Wade/Huntley matters included a determination that disclosure of the informant would be required. The decision then went on to hold that, since the People had taken the position that they would not disclose the informant's identity, the indictment must be dismissed in the furtherance of justice. The People appeal.

Initially, we note that, under the facts of this case, County Court's determination that the informant's identity must be disclosed is supported by pertinent precedent and the People's

refusal to comply with such a directive could culminate in dismissal of the indictment (*see e.g. Roviaro v United States*, 353 US 53, 60-61 [1957]; *People v Goggins*, 34 NY2d 163, 169 [1974], *cert denied* 419 US 1012 [1974]). However, there was no motion for dismissal pending before County Court and, although it certainly had the power to raise the issue sua sponte, it was required to give notice and an opportunity for the parties to respond before ruling. As we have previously stated, "[w]here, as here, a court considers *sua sponte* a dismissal in furtherance of justice, 'it should not do so until fair notice of its intention has been given to the parties and a hearing has been held' " (*People v Dolan*, 184 AD2d 892, 893 [1992], quoting *People v Clayton*, 41 AD2d 204, 207 [1973]). Defendant's argument that the People failed to properly preserve this issue is belied by the fact that the issue of dismissal in the furtherance of justice was first raised in the same written decision in which the issue was decided adversely to the People (*see People v Dolan, supra* at 893). Remittal may be a "pointless act" (*id.*) if the People adhere to their previously articulated position of refusal to disclose the identity of the informant; nevertheless, they must be afforded notice and an opportunity to respond.

The remaining arguments, including the People's request that the case be remitted to a different judge, have been considered and found unpersuasive.

Cardona, P.J., Mercure, Carpinello and Kane, JJ., concur. Ordered that the order is reversed, on the law, indictment reinstated and matter remitted to the County Court of Broome County for further proceedings not inconsistent with this Court's decision.