People v Williams (2021 NY Slip Op 01570)





People v Williams


2021 NY Slip Op 01570


Decided on March 19, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 19, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, NEMOYER, WINSLOW, AND BANNISTER, JJ.


75 KA 19-01741

[*1]THE PEOPLE OF THE STATE OF NEW YORK, APPELLANT,
v
NICK J. WILLIAMS, DEFENDANT-RESPONDENT. 






GREGORY J. MCCAFFREY, DISTRICT ATTORNEY, GENESEO (DANIEL R. MAGILL OF COUNSEL), FOR APPELLANT. 
CAITLIN M. CONNELLY, BUFFALO, FOR DEFENDANT-RESPONDENT.


 Appeal from an order of the Livingston County Court (Robert B. Wiggins, J.), dated March 26, 2019. The order, insofar as appealed from, granted that part of the omnibus motion of defendant seeking to suppress the results of a chemical breath test and dismissed counts one and two of the indictment. 
It is hereby ORDERED that the order insofar as appealed from is unanimously reversed on the law, counts one and two of the indictment are reinstated, and the matter is remitted to Livingston County Court for further proceedings in accordance with the following memorandum: The People appeal from an order that, inter alia, granted that part of defendant's omnibus motion seeking to suppress the results of a chemical breath test (see Vehicle and Traffic Law § 1194 [2] [a]) and dismissed counts one and two of the indictment. We now reverse the order insofar as appealed from.
Defendant was charged by an indictment with, inter alia, felony aggravated driving while intoxicated (Vehicle and Traffic Law §§ 1192 [2-a] [a]; 1193 [1] [c] [i] [A]) and two counts of felony driving while intoxicated (§§ 1192 [2], [3]; 1193 [1] [c] [i] [A]), stemming from an incident that occurred when defendant, while allegedly under the influence of alcohol, drove and crashed a vehicle belonging to his girlfriend. In his omnibus motion, defendant sought, inter alia, suppression of his statements and evidence seized or discovered by the police. County Court granted a Huntley hearing (see People v Huntley, 15 NY2d 72 [1965]), but denied without a hearing that part of the motion seeking to suppress evidence. The Huntley hearing ensued, at the conclusion of which the court denied that part of defendant's motion to suppress his statements but, as stated above, the court granted that part of the omnibus motion seeking to suppress the chemical breath test results. In suppressing the test results, the court held that a police officer failed to comply with the requirements of Vehicle and Traffic Law § 1194 and also violated defendant's limited right to counsel under People v Gursey (22 NY2d 224, 227 [1968]).
We conclude that the court erred in granting that part of defendant's omnibus motion seeking to suppress evidence because the court failed to notify the People of its intention to consider that issue and failed to give the People an opportunity to present evidence at the hearing on that issue (see generally People v Watson, 154 AD3d 627, 627-628 [1st Dept 2017]; People v Russ, 19 AD3d 746, 747 [3d Dept 2005]). At the Huntley hearing, the issues of the officer's compliance with Vehicle and Traffic Law § 1194 and defendant's limited right to counsel were merely ancillary. Moreover, we reject defendant's contention that the limited evidence that was admitted at the hearing supports the court's determination to suppress the chemical breath test results. The evidence at the hearing established that the police administered a field breath test and then a chemical breath test at the jail, only the latter of which is the subject of section 1194 (2) (a) and would be admissible at trial (see People v Kulk, 103 AD3d 1038, 1040 [3d Dept 2013], lv denied 22 NY3d 956 [2013]), but the court conflated the administration of both tests in determining that suppression was warranted. On this record, it is unclear whether the officer [*2]complied with section 1194 (2) (b) by warning defendant of the consequences of refusal in " 'clear and unequivocal language' " before administering the chemical test (People v Smith, 18 NY3d 544, 549 [2012]), or whether defendant voluntarily consented to the test (see generally People v Odum, 31 NY3d 344, 346 [2018]). The record is also unclear whether defendant, who made a request to speak with his attorney, was afforded the opportunity to do so prior to deciding whether to submit to the chemical breath test (see generally Smith, 18 NY3d at 549; Gursey, 22 NY2d at 227; People v Dell, 175 AD3d 1037, 1039 [4th Dept 2019], lv denied 34 NY3d 980 [2019]). We therefore remit the matter to County Court for a new hearing and determination on that part of the omnibus motion seeking the suppression of the chemical breath test results.
Entered: March 19, 2021
Mark W. Bennett
Clerk of the Court