People v Papadopoulos (2024 NY Slip Op 51784(U))

[*1]

People v Papadopoulos

2024 NY Slip Op 51784(U)

Decided on August 12, 2024

County Court, Tompkins County

Miller, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on August 12, 2024
County Court, Tompkins County

The People of the State of New York

against
Dionysios Papadopoulos, Defendant.
The People of the State of New York,
against
Melody Najtellari, Defendant. 
The People of the State of New York,
against
221 Eddy St, LLC, Defendant.

Ind. No. SMZ-70008-24

Attorney for City: Victor J. Kessler, Esq., City Attorney, City of Ithaca
All Defendants pro se

Scott A. Miller, J.

Before this Court are three separate appeals from decisions and orders entered on various dates, in which Ithaca City Court (Peacock, J) dismissed three tickets for violation of the Ithaca City Code. The City of Ithaca appeals. The legal issues raised on these three appeals are identical.
Procedural History
On December 5, 2023, the City of Ithaca (hereinafter, "City") issued an appearance ticket to Defendant Papadopoulos for harboring uncontained bags of garbage on his rental property located at 129 College Avenue, in violation of City Code 178-3(B). On December 14, 2023, a [*2]duly authorized agent of Defendant Papadopoulos appeared before the City Court for arraignment. The City Court, sua sponte, began inquiring of Defendant's agent about the method of service, to which the Defendant's agent could not provide a definitive answer. At this December 14th appearance, there was no proof or testimony taken concerning the method of service, however, the City Prosecutor argued to the City Court that the manner of service was irrelevant since the Defendant through a designated agent had appeared for the arraignment. The City Court did not permit the City to file a written argument, no hearing was held, and the City Court did not issue a written decision. The City Court, sua sponte, over the City Attorney's objection, dismissed the ticket in the "interest of justice based on the failure to follow the requirements of service, and that's based on looking at all the factors regarding dismissing a case in the interest of justice."
On July 8, 2023, the City issued an appearance ticket by mail to Defendant Najtellari for harboring an unlicensed dog, in violation of City Code 164-7(A)(6). On November 9, 2023, Defendant Najtellari personally appeared before the City Court for arraignment and entered a not guilty plea. The City Prosecutor recommended a $10 fine in light of the dog's subsequent licensing. The City Court inquired whether the Defendant Najtellari had been "personally served." Defendant informed the court she had received the ticket and notice to appear by mail. The City Court stated it was going to adjourn and permitted the City to provide more information about service. The City did not provide any more information concerning service and did not dispute that Defendant Najtellari had not been personally served, but had received her ticket via first class mail. On December 18, 2023, the City Court, sua sponte, without notice, issued a written decision and order dismissing the unlicensed dog ticket in the furtherance of justice, pursuant to CPL §170.40. The essential rationale for the City Court's decision was that Defendant was not personally served with the ticket, which the City Court asserted was consistent with the City's "practice of not personally serving appearance tickets" for City Code violations.
On December 12, 2023, and December 13, 2023, the City issued two appearance tickets to Defendant 221 Eddy St., LLC for harboring uncontained bags of garbage on Defendant's rental property located at 221 Eddy Street, in violation of City Code 178-3(B). On February 8, 2024, a duly authorized agent of Defendant 221 Eddy St., LLC appeared before the City Court for arraignment. The City Court asked the Defendant's agent whether Defendant was personally served, and the agent indicated that Defendant was not. The City Court, sua sponte, over the City Attorney's objection, dismissed the ticket in the "interest of justice based on the failure to follow the requirements of service, and that's based on looking at all the factors regarding dismissing a case in the interest of justice." The City Court did not grant the City a requested adjournment, but instead, the City Court, sua sponte, at this initial appearance, dismissed both code violations in the interest of justice, "based on the repeated failure of the City to properly serve defendants with personal service as required under the Criminal Procedure Law."

Legal Analysis
The City has provided this appellate court with extensive, detailed, and convincing briefs. None of the three Defendants filed any written responses.
The City is correct that the method of service of an appearance ticket, whether by mail or personal service, is irrelevant once a Defendant (or its designated agent) appears before the court in response to an appearance ticket. This Court has recently held that improper service of an appearance ticket cannot be a ground for dismissal. In People v. 214 Eddy, LLC, et al., 2023 Slip [*3]op 33995 (U) (Tompkins County Ct. June 16, 2023), the County Court (Cassidy, J.) explained:
In a criminal proceeding, jurisdiction over the person of the defendant is acquired when the defendant appears before the court, notwithstanding the lawfulness of the means used to obtain his or her presence. If the Defendant appears in court, improper service of an appearance ticket does not deprive the court of jurisdiction over the person. An appearance ticket is merely an invitation to appear, and a defendant's failure to accept the invitation may result in the Court issuing a criminal summons or an arrest warrant to secure the defendant's appearance. Accordingly, while City Court was correct that it lacked personal jurisdiction over the defendants, it was error for it to dismiss the tickets on that basis
Consequently, the City is correct that the manner of service of an appearance ticket is irrelevant because such is not jurisdictional, and once a Defendant (or an authorized agent) appears in court in response to such appearance ticket, the court has acquired personal jurisdiction over the Defendant, and a trial court is not statutorily authorized to dismiss a proceeding for improper service.
The City is also correct that the City Court cannot achieve these unauthorized dismissals through the procedural mechanism of a CPL §170.40 furtherance of justice dismissal. Furthermore, the City Court, in all three matters, denied the City due process when it failed to provide the City with any opportunity to offer argument or present evidence in opposition to the City Court's sua sponte CPL §170.40 motion. When "a court considers sua sponte a dismissal in furtherance of justice, 'it should not do so until fair notice of its intention has been given to the parties and a hearing has been held.'" People v. Dolan, 184 AD2d 892, 893 (3rd Dept. 1992), quoting People v. Clayton, 41 AD2d 204, 207 (2nd Dept. 1973).
While the City Court may not base a CPL §170.40 dismissal in the furtherance of justice solely on improper service once it has acquired personal jurisdiction over a defendant, this is not to say that undue and prejudicial delay in bringing a particular defendant before the City Court, when such delay is attributable to the prosecutor, could not be considered as one of the factors under a 170.40 motion, after all parties have been afforded due process.
Accordingly, in the matter of People v. Dionysios Papadopoulos, the City Court's judgment of dismissal is REVERSED, the prosecution is reinstated, and the matter is remitted to the City Court for further proceedings not inconsistent with this decision and order.
Accordingly, in the matter of People v. Melody Najtellari, the City Court's judgment of dismissal is REVERSED, the prosecution is reinstated, and the matter is remitted to the City Court for further proceedings not inconsistent with this decision and order.
Accordingly, in the matter of People v. 221 Eddy St., LLC, the City Court's judgment of dismissal is REVERSED, the prosecution is reinstated, and the matter is remitted to the City Court for further proceedings not inconsistent with this decision and order.
This constitutes the Decision and Order of the Court entered upon notice to all parties. A notice of appeal, if applicable, must be filed within thirty (30) days of the date of notice of entry of this decision and order.
SO ORDERED.
Dated: August 12, 2024
Ithaca, New York
HON. SCOTT A. MILLER
Tompkins County Court Judge